EMIL BLAREK AND ETHEL BLAREK, HUSBAND AND WIFE, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 48207. Filed March 16, 1955.

*Martin N. Sussman, Esq.,* for the petitioners.
*John E. Owens, Esq.,* for the respondent.

OPINION.

VAN FOSSAN, *Judge:* Respondent determined a deficiency in income tax of petitioners for the year 1951 in the amount of $118.26.

The facts were all stipulated, and, by this reference, are made a part hereof.

The petitioners are Emil Blarek and his wife, Ethel, who reside in Milwaukee, Wisconsin. They filed their joint income tax return for the year involved with the collector of internal revenue for the district of Wisconsin at Milwaukee.

The petitioners claim a credit as a dependent for Mary Sabo, the mother of Ethel Blarek. The Commissioner disallowed the credit solely on the ground that Mary Sabo did not receive over half of her support from the petitioners during 1951. She received $523.75 as an old age pension and contributed that amount to her support. The decision turns upon the measure of the support received by Mary Sabo as lodging. She lived with the petitioners and their three children. The Commissioner concedes that she received $451.48 of support from the petitioners. The latter amount includes $135.59 representing one-sixth of the cost of heat, electricity, paint and repairs, taxes, interest, and insurance on the house. It has been stipulated that the fair rental value of the room was $235.59. If that amount, or as much as $210, is recognized as the measure of the support through lodging received by Mary Sabo from the petitioners, instead of the $135.59 mentioned above, then it will appear that she has received over half of her support from the petitioners.

In support of his determination, respondent argues that, in computing petitioners' contribution to Mary Sabo's support, only the actual out-of-pocket expenses incurred in supplying quarters to her—not the fair rental value thereof—are properly to be employed. Respondent cites and relies upon Revenue Ruling 235, 1953–2 C. B. 23, wherein is stated:

the fair rental value of a house owned by a taxpayer in which lodging is furnished to a dependent parent (whether or not the parent lives with the taxpayer) may not be taken into account in determining whether over half of that parent's support was furnished by the taxpayer. * * *

The foregoing represents respondent's interpretation of his own Regulations 118, section 39.25–2, which, in so far as is here material, is identical with Regulations 111, section 29.25–3, the pertinent portions of which appear below.[1]

---

[1] Regs. 111.

SEC. 29.25–3. PERSONAL EXEMPTION AND SURTAX EXEMPTIONS.—

* * * * * * *

Whether or not over half of a person's support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer shall be determined by reference to the amount of expense incurred by the taxpayer for such support. * * *

Petitioners contend that respondent's action in denying them a dependency credit for Mary Sabo by reference solely to the amount of cash contributed or furnished by them is in direct conflict with the statute, properly interpreted; that the measure of support contemplated therein is not what or how much cash a taxpayer spent in furnishing a dependent lodging, but, rather what such dependent receives from the taxpayer directly by the outlay of cash or indirectly from other sources. If this be true, petitioners maintain, it follows that what the dependent receives as lodgings must be measured by the amount such dependent would be required to pay on the open market for comparable items of support, i. e., the fair market value thereof or, as here, the fair rental value. In this connection, petitioners attack the regulations cited and relied upon by respondent, as well as his interpretation thereof in Revenue Ruling 235, *supra*, as being contrary to the statutory provision in question.

The definition of a dependent and the language referred to by petitioners was first added to the Code by section 10 (b) of the Individual Income Tax Act of 1944. In the congressional deliberations attendant upon its passage, it was made clear that the concept intended by such section was "a dependent is any one for whom the taxpayer furnished over half the support * * *." See H. Rept. No. 1365, p. 5, and S. Rept. No. 885, p. 6, 78th Cong., 2d Sess. (1944). Clearly the word "support" was used in its usual or ordinary meaning. So interpreted, petitioners' contention is amply justified. It is our opinion that the fair rental value of the room furnished the dependent is, under the stipulated facts, the best measure of the value of the lodging provided as part of the support received by Mary Sabo and is to be included as the equivalent of cash in computing the amount of such support received from petitioners during the taxable year. Cf. *Lena Hahn*, 22 T. C. 212; *Richard P. Prickett*, 18 T. C. 872. If this interpretation be contrary to the regulation, then the regulation must yield to our conclusion on the law, as expressed herein.

Respondent complains of the administrative difficulties to be encountered in ascertaining the fair rental value of lodgings furnished a dependent. But compare Regulations 111, section 29.22 (a)–3, wherein it is ruled that the fair rental value of quarters furnished an employee as part of compensation must be included in gross income of such employee. No greater difficulty should be encountered in applying the same standard to the present circumstances.

Accordingly, we hold that in determining the amount of support which Mary Sabo received from the taxpayers in the taxable year, the fair rental value of the room furnished her in the house owned by the taxpayers will be included as the equivalent of cash expended.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

KERN, *J.*, dissents.

WITHEY, *J.*, dissenting: I do not agree that "fair rental value" of lodging furnished Mrs. Sabo may be properly considered in determining what proportion of her support during the year at issue was "furnished" by petitioners. The real issue is: What, economically speaking, was furnished by petitioners to their claimed dependent? The components of fair rental value are not only the itemized expenses shown to have been considered by respondent but in addition thereto depreciation and profit. Depreciation would have been a proper item of expense in this case while profit would not, since petitioners under no theory based on the facts here in issue can be said to have incurred that type of economic outlay by the furnishing of lodging to Mrs. Sabo. I, therefore, conclude that petitioners did not furnish her the profit included within the stipulated fair rental value of such lodging but did furnish her the items included within the fair rental value which were taken into consideration by respondent, plus, however, one-sixth of the depreciation attributable to the entire home for the year involved.