Fred W. Hertwig v. Commissioner.
Hertwig v. Commissioner
Docket No. 56174.
United States Tax Court
T.C. Memo 1957-100; 1957 Tax Ct. Memo LEXIS 151; 16 T.C.M. (CCH) 419; T.C.M. (RIA) 57100; June 24, 1957
*151 Dependent: Portion of support furnished: Section 25(b)(3), Internal Revenue Code of 1939. - Upon the evidence that the amounts contributed by the petitioner for the support of his two minor sons was less than one-half of the total support received by the sons in the taxable year, held that the respondent properly disallowed dependency credits claimed for the sons. Fred W. Hertwig, 1821 Orchard Avenue, Los Angeles, Calif., pro se. J. Earl Gardner, Esq., for the respondent. ATKINS
Memorandum Findings of Fact and Opinion ATKINS, Judge: The respondent determined a deficiency in the petitioner's income tax for the calendar year 1951 in the amount of $254, which resulted from his disallowance of two dependency credits claimed by the petitioner for his two minor sons on the ground that the petitioner *152 did not furnish over half of the support of the sons. Findings of Fact A written stipulation of facts is incorporated herein by this reference. The petitioner filed a timely return for the calendar year 1951 with the director of internal revenue at Los Angeles, California. In such return the petitioner claimed exemptions for his two sons, Robert Lee Hertwig, age 15, and Fred Hertwig, Jr., age 9. Prior to the year 1951 the petitioner was divorced from his wife, Pauline, and she was awarded custody of their two sons, Robert and Fred. Prior to 1951 Pauline married W. H. Morehouse. In 1951 Mr. and Mrs. Morehouse and the boys, Robert and Fred, lived together in the Morehouse home in Los Angeles. During the year 1951, the petitioner, in compliance with the terms of the divorce decree, made monthly support payments of $37.50 to Mrs. Morehouse for each of the two boys, a total of $450 for each boy. In addition to such support payments for the boys, the petitioner spent some additional sums for their support including some clothing, repair of a bicycle, and some meals and refreshments on Saturdays or Sundays when one or the other of the boys was with him. The amount contributed by *153 the petitioner in 1951 for the support of his sons, including the monthly support payments and the additional expenditures referred to, was $535.50 for Robert and $533 for Fred. Robert received the sum of $157.50 as wages in 1951 from the Los Angeles Board of Education. The amount contributed by Mr. and Mrs. Morehouse in 1951 for the support of each boy was not less than $900. That amount, in the case of each boy, was in addition to support payments made by the petitioner to Pauline Morehouse. Mr. and Mrs. Morehouse claimed the two boys as exemptions in their joint income tax return for the calendar year 1951. Ultimate Finding The sons of the petitioner, Robert and Fred, did not receive over half of their support from the petitioner in the calendar year 1951. Opinion Among the credits allowed by section 25 of the Internal Revenue Code of 1939, is an "exemption of $600 for each dependent" (with qualifications not here material) and the term "dependent" is defined in section 25(b)(3) as including a son of the taxpayer "over half of whose support, for the calendar year * * * was received from the taxpayer." In this case the father of two minor sons, who were not living with *154 him in the taxable year 1951, has claimed them as dependents and seeks a credit against net income based on such claim. The parties have sipulated that the petitioner made monthly support payments of $37.50 for each of the boys (annual payments of $450 each) to the mother of the boys, who in 1951 had remarried and had custody of the boys. The petitioner testified as to additional expenditures that he made for the boys which, it is not questioned, come within the range of the word "support." The testimony of the mother and the step-father of the boys casts a shadow of doubt on some of the expenditures claimed to have been made by the petitioner. But giving full credence to the petitioner's testimony, the maximum contributed by the petitioner toward the support of one son was $535.50, and for the other it $533was. The respondent produced as witnesses the mother of the boys and their step-father. Morehouse, the step-father gave in considerable details figures that he had compiled as establishing the amounts of his expenditures for each of the boys in the year 1951. Some of such expenditures were direct costs such as school incidentals (notebooks, pencils, etc.) and clothes and shoes. *155 Others were allocated portions of total costs of maintaining the family and the home in which they resided, including such items as food, utilities, interest and taxes. In making such allocation Morehouse followed the provision in Rev. Rul. 235, 1953-2 C.B. 23, which states that "In the absence of an actual record of the expenses relating to the support of each member of the household, a pro rata portion of the aggregate of such expenses may be allocated to each member." The petitioner makes no objection to that method of allocation, and we need not determine in this proceeding whether that provision of the ruling complies with the statute. The petitioner questions the amounts so determined by Morehouse as representing the cost of support of the boys, not on the basis of the method used, but solely because the amounts are greater than what it cost him to support the boys when they were living with him in or prior to 1948, and greater than his costs for supporting Fred since Fred resumed living with him in 1955. The application of the statute with respect to the credit for dependents does not turn upon the reasonableness of the amounts expended for support, or upon a comparison *156 of what different parents may respectively spend for the support of children. The important fact which determines the applicability of the statute to any one of a group of taxpayers who supports a dependent is whether "such dependent received over half of his support from the taxpayer," Hazel Newman, 28 T.C. No. 59 (May 29, 1957), rather than upon how much cash is actually spent. Emil Blarek, 23 T.C. 1037 (app. dismissed C.A. 7). We said in the Newman case, supra, that the test for the application of the dependency credit to a particular taxpayer is "that the taxpayer must show that he furnished over half of the dollar value of the claimed dependent's support." Applying the above tests to the facts before us in this case, we hold that the petitioner has not established that he furnished over half of the support for his two sons in the year 1951. The Morehouses, particularly W. H. Morehouse, testified at length concerning living costs of the family in the year 1951, and produced documentary evidence to support much of the testimony. We have not found it necessary to determine the exact amount of such costs. It is clear from the evidence that the cost of support *157 of each of the boys that was borne by the Morehouses was not less than $900 in 1951. As that amount is more than half of the amount borne by them plus the amount contributed by the petitioner, it is not necessary to determine what additional amount of support was furnished by the Morehouses. On the evidence we hold for the respondent. Decision will be entered for the respondent.