John Malinowski v. Commissioner.
Malinowski v. Commissioner
Docket No. 63630.
United States Tax Court
T.C. Memo 1959-26; 1959 Tax Ct. Memo LEXIS 222; 18 T.C.M. (CCH) 126; T.C.M. (RIA) 59026; February 11, 1959
Richard C. Schulz, Esq., 42 Third Avenue, Mineola, N. Y., for the petitioner. Norman L. Rapkin, Esq., for the respondent. TRAIN
Memorandum Findings of Fact and Opinion TRAIN, Judge: The respondent determined a deficiency in income taxes of the petitioner in the amount of $267 for each of the calendar years 1952 and 1953. The sole issue for decision is whether petitioner furnished over half of the support of his two minor children so as to entitle him to dependency exemptions pursuant to section 25(b) of the Internal Revenue Code of 1939. Findings of Fact Some of the facts are stipulated and hereby found as stipulated. The petitioner, John Malinowski, filed individual income tax returns for the calendar years 1952 and *223 1953 with the director of internal revenue, Baltimore, Maryland. On each of the returns, he claimed dependency exemptions for his two children. The petitioner and his former wife, Jean, were married September 9, 1945. They had two children: Steven, born August 19, 1946, and Joy, born January 14, 1948. The petitioner and his former wife separated sometime during the year 1950, and she obtained a decree of divorce in the Superior Court of Lowndes County, Georgia, on November 16, 1953. She has since remarried, and her name is now Jean Cook. At all times since the separation, and including the years here involved, Jean has had the custody of the two children. For each of the years 1952 and 1953, she filed income tax returns upon which she claimed dependency exemptions with respect to the two children. The petitioner was in the Navy during 1952 and 1953 and in those years made pay allotments of $910 and $925.20, respectively, toward the support of the children. These were the only contributions made by him in those years to their support. In addition, petitioner sent the children savings bonds aggregating $112.50 in 1952 and $450 in 1953. These bonds were not sent by petitioner *224 pursuant to a separation decree or other court order but simply pursuant to an understanding with his former wife. She has never cashed the bonds and still retains them in her possession. Jean was employed and received gross income in the amounts of $2,352 and $2,475 in 1952 and 1953, respectively. She had $57.60 and $77 withheld in 1952 and 1953, respectively, for Federal income tax, which amounts were refunded to her. She claimed deductions on her returns in the amounts of $589.90 and $804.25 for the years 1952 and 1953, respectively. In each of the years 1952 and 1953, Jean expended approximately $275 for medical and dental care for the two children, $800 for their food and care, $450 for their clothing, and $50 for insurance for their benefit. She owned and maintained her own home purchased in 1949 for the sum of $7,500, with respect to which she made mortgage payments of approximately $600 per year in 1952 and 1953. She lived in the home with the two children in 1952 and 1953, and the value of the lodging furnished the two children by her was approximately $500 in each of those years. In each year, she expended additional monies, in indeterminate amounts, for recreation and *225 miscellaneous items for the support of the children. At the time she filed her 1952 and 1953 tax returns on which she claimed dependency exemptions for the two children, she was aware of the necessity of having furnished over half their support. The petitioner furnished less than half the support of the two children in each of the years 1952 and 1953. Opinion The payments made by petitioner for the support of the children were limited to $910 in 1952 and $925.20 in 1953. The savings bonds were not in the nature of support payments. These bonds were never cashed and never applied to the children's support. Such amounts are not to be considered in determining the support computation. Cf. Emily Marx, 13 T.C. 1099 (1949). Petitioner's former wife, now Jean Cook, testified at the trial, and our observation convinced us that her testimony was sincere and accurate to the best of her recollection. We have found as a fact, based upon her uncontradicted testimony, that she paid a total of $1,575 in each of the years 1952 and 1953 on behalf of the children for medical and dental care, food, clothing, and insurance. We have also found that the value of the lodging furnished *226 the children by Jean was $500 in each year. Such lodging is clearly an element of the total cost of support. This is true regardless of whether the cost of this element of support is based upon the fair rental value of such lodging, ( Emil Blarek, 23 T.C. 1037 (1955); William C. Haynes, 23 T.C. 1046 (1955)) or upon the actual expenditures for taxes, mortgage interest, insurance, water, gas, electricity, maintenance, repairs, etc. Revenue Ruling 235, 1953-2 C.B. 23. In the absence of evidence in this connection other than as to the $7,500 cost of the house, we have concluded that $500 is a reasonable value to assign to the lodging furnished by Jean, being approximately $5 per week per child. The value of the lodgings together with the specific expenditures of $1,575 listed above, aggregated $2,075 in each of the years 1952 and 1953. This total alone is more than twice, in each case, the amounts furnished by the petitioner in those years. We are satisfied that Jean actually provided some additional amounts for recreation and miscellaneous items. The petitioner maintains primarily that the amounts claimed to have been spent by Jean are unrealistically *227 high in view of her limited income and, thus, not worthy of our credence. Recognizing the undoubted difficulties of proof which confront the taxpayer in a case such as this, we have carefully evaluated Jean's testimony from this standpoint, but have concluded that petitioner's argument in this respect is not well taken. In arriving at the amounts which petitioner asserts were all Jean actually had available to expend for the children's benefit, the petitioner uses her net income after withholding taxes and after all deductions. In view of the fact that she was refunded the withholding taxes, as we have found, and the fact that there is no showing that the claimed deductions may not indeed have related all or in part to expenses with respect to the children, the petitioner's argument does not carry conviction and does not discredit the testimony of Jean. The amounts claimed to have been spent by her, particularly with respect to food and clothing, seem entirely reasonable. In view of our finding of fact that petitioner furnished less than half the support of the two children in each of the years 1952 and 1953, he is not entitled to dependency exemptions with respect to them in either *228 of those years. Decision will be entered for the respondent.