William H. Stang v. Commissioner.
Stang v. Commissioner
Docket No. 78462.
United States Tax Court
T.C. Memo 1960-55; 1960 Tax Ct. Memo LEXIS 234; 19 T.C.M. (CCH) 289; T.C.M. (RIA) 60055; March 29, 1960
William H. Stang, pro se, 200 Timber Lane, Dayton, O. Gerald W. Fuller, Esq., for the respondent. FISHER
Memorandum Findings of Fact and Opinion FISHER, Judge: Respondent determined a deficiency in income tax of the petitioner for the year 1957 in the amount of $131. The sole issue is whether petitioner, and his brother, who filed a multiple support agreement, together contributed over half of the support of their *235 mother for the year 1957 within the meaning of sections 152(a) and 152(c)(2) of the Code of 1954. Findings of Fact The petitioner, whose residence is in Dayton, Ohio, filed his income tax return for the taxable year ended December 31, 1957, with the district director of internal revenue, Cincinnati, Ohio. On his income tax return for 1957, petitioner claimed a dependency exemption for his mother, Sarah Stang, who, except for a period of hospitalization in December 1957, lived in Pittsburgh, Pennsylvania, in her own home. The furnishings in the home also belonged to the mother. The respondent disallowed the claimed dependency exemption after determining that the petitioner had failed to establish that he and his brother contributed more than 50 per cent of his mother's support in 1957. During the year 1957 the petitioner's mother received income of $703 from Social Security. She also received contributions from petitioner and his brother, which were claimed under a multiple support agreement, in the amounts of $400 from petitioner and $310 from the brother. Petitioner also contributed to his mother some groceries in an undetermined amount, purchased by him when he visited *236 her in Pittsburgh. The amounts contributed by petitioner and his brother and the amounts received by Sarah Stang from Social Security were used by her for her support in 1957. In that year (except for a period of about 2 months when she was in the hospital) she resided in a house which, together with the furnishings therein, belonged to her. The fair rental value of the house in 1957 was $60 per month. Opinion It is obvious on this record that petitioner has failed to meet the burden of proof of error in respondent's determination. It is also affirmatively clear from our Findings that petitioner and his brother did not, together, contribute more than one-half of the support of their mother for the year in question within the meaning of sections 152(a) and 152(c)(2) of the Code of 1954. As to the necessity of taking into consideration for 1957 the fair rental value of the mother's house, see Emil Blarek, 23 T.C. 1037 (1955); William C. Haynes, 23 T.C. 1046 (1955). Upon the basis of the foregoing, we must disallow the claimed exemption since the requirements of the statute are not met. Decision will be entered under Rule 50.