John J. Tyne, Jr. v. Commissioner.
Tyne v. Commissioner
Docket No. 80704.
United States Tax Court
T.C. Memo 1961-335; 1961 Tax Ct. Memo LEXIS 15; 20 T.C.M. (CCH) 1713; T.C.M. (RIA) 61335; December 14, 1961
John J. Tyne, Jr., pro se, 801 Lyman Ave., Oak Park, Ill. Nelson E. Shafer, Esq., for the respondent. FAY
Memorandum Findings of Fact and Opinion FAY, Judge: The Commissioner has determined a deficiency of $110.97 in petitioner's income tax for the taxable year 1955. The only issue for decision is whether petitioner is entitled to a dependency exemption for his sister for the year involved. During 1955 petitioner was a high school student and resided with his family in a home owned by his father. While attending high school petitioner worked part time and in 1955 received wages of $1,530.84. On his 1955 income tax return filed with the district director of internal revenue, Chicago, Illinois, petitioner claimed an exemption for his sister, Margaret, and listed itemized deductions totalling $375.97. The Commissioner *16 disallowed the exemption for Margaret. Petitioner testified that in 1955 Margaret was a full-time student at Saint Joseph College, Emmitsburg, Maryland, and that during the year he had expended approximately $1,500 for her support. He estimated that the total cost of her support for the year was $2,200. The petitioner testified that he paid $1,000 to Saint Joseph College in September 1955 and had given Margaret various amounts of spending money in cash or by check during the year. The petitioner could produce only two checks aggregating $60 made out to Margaret. In addition, petitioner claimed he paid the expenses of the family residence where Margaret lived when she was not at school. However, petitioner could produce no records to show the amounts actually expended by him for such items as food, rent, heat, electricity, taxes, etc. During the summer of 1955, Margaret was employed and earned approximately $400. When asked to explain how he was able to expend $1,500 for the support of his sister when his own net income was only $1,154, petitioner indicated that during 1955 he had borrowed approximately $22,000 from his father. Bank statements introduced in evidence disclosed *17 that deposits totalling $22,883.64 were made in petitioner's checking account in 1955. When asked to elaborate on the circumstances of the borrowing, petitioner stated that it became necessary for him to support the family following his father's involvement in an involuntary bankruptcy proceeding. He testified that since he was a minor and unable to borrow money directly, his father undertook to borrow money from friends and then, in turn, loaned it to him. Petitioner admitted he did not know any of the friends from whom his father borrowed the money. However, petitioner contended that a bona fide debtor-creditor relationship was created as evidenced by the fact that he had repaid some of the loans. When examined further on this point, petitioner admitted that no notes were given by him to his father and that he could not recall the amounts repaid nor when he made the last payment or how much he still owed his father. Under the applicable statutory provisions, [1] in order for the petitioner to prevail he must establish not only what amount he contributed toward the support of his sister but he must also show that the amount was in excess of one-half of the total support of the dependent *18 for that year. James H. Fitzner, 31 T.C. 1252 (1959). After considering the circumstances under which the petitioner purportedly obtained the money he used to support his sister and the generally evasive character of his testimony at the hearing, we are reluctant to find as a fact that the sums furnished for the support of the sister were paid from funds belonging to and controlled by the petitioner rather than by his father. However, even if we accept his testimony as to the support which he allegedly contributed, this is not enough to entitle him to the exemption claimed. The right to the exemption is, by definition, predicated upon proof as to the total amount expended for the support of the dependent. The petitioner testified that he estimated the total cost of his sister's support for the year to be approximately $2,200. While petitioner's testimony as to how he arrived at this figure was extremely vague, it was apparent that the figure did not include items of support furnished Margaret by other members of her family during the periods she resided at home. We have in mind particularly such items as the fair rental value of her father's house and amounts expended *19 for her food, clothing and medical care. These items must be taken into account in determining the total cost of support. Reg. 1.152-1(a)(2); Emil Blarek, 23 T.C. 1037 (1955). In the absence of such evidence, we believe the petitioner has failed to sustain his burden of showing the total amount expended for the support of Margaret. Decision will be entered for the respondent. Footnotes
1. SEC. 151. ALLOWANCE OF DEDUCTIONS FOR PERSONAL EXEMPTIONS. (a) Allowance of Deductions. - In the case of an individual, the exemptions provided by this section shall be allowed as deductions in computing taxable income. * * *
(e) Additional Exemption for Dependents. - (1) In General. - An exemption of $600 for each dependent (as defined in section 152) - * * *
SEC. 152. DEPENDENT DEFINED. (A) General Definition. - For purposes of this subtitle, the term "dependent" means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer * * * (3) A brother, sister, stepbrother, or stepsister of the taxpayer.↩