Stanley A. Dunn and Elinor B. Dunn v. Commissioner.
Dunn v. Commissioner
Docket No. 91394.
United States Tax Court
T.C. Memo 1963-189; 1963 Tax Ct. Memo LEXIS 155; 22 T.C.M. (CCH) 915; T.C.M. (RIA) 63189; July 12, 1963
Stanley A. Dunn, pro se, 5206 Manitowoe Pkwy., Madison, Wis. Jerome M. Feltman, for the respondent. DAWSON
Memorandum Findings of Fact and Opinion DAWSON, Judge: Respondent determined a deficiency in income tax of petitioners for the taxable year 1958 in the amount of $462. The issues for decision are (1) whether petitioner, Stanley A. Dunn, furnished more than one-half of the support of his daughter and two sons in 1958 so as to qualify them as dependents under section 152(a)(1) of the Internal Revenue Code of 1954, and (2) whether petitioners are entitled to a medical expense deduction for an amount provided for hospitalization insurance for *156 the children. Findings of Fact Some of the facts have been stipulated and are so found. Petitioners, husband and wife, while residing in Madison, Wisconsin, filed their joint income tax return for 1958 with the district director of internal revenue, Newark, New Jersey. Elinor B. Dunn is a party to this proceeding solely by virtue of having filed a joint return with her husband. Stanley A. Dunn will hereinafter be referred to as petitioner. Prior to his present marriage, petitioner was married to Elizabeth M. Dunn. They had three children, Mark, born February 27, 1947, Randolph, born January 30, 1950, and Elizabeth, born June 12, 1954. Elizabeth and petitioner were divorced at Reno, Nevada, on February 18, 1957. The terms of an agreement made a part of the divorce decree provide, in part, as follows: a. Stanley Austin Dunn shall pay to Elizabeth Myer Dunn as of the day first above written and thereafter on the first day of each calendar month, in advance, the sum of eighty-three dollars and thirty-three cents ($83.33) for the maintenance and support of each of said minor children living at the date of payment and who shall not have then reached his or her twenty-first (21st) *157 birthday. b. Stanley Austin Dunn shall on January 1 of each year, in addition to payments elsewhere herein provided, pay to the said Elizabeth Myer Dunn the sum of One Hundred Dollars ($100.00) for the purpose of providing the funds with which she may purchase hospital and/or medical insurance beginning with 1957. c. Stanley Austin Dunn shall pay for the maintenance and support of Elizabeth Myer Dunn as of the day first above written and thereafter on the first day of each calendar month in advance until her death or remarriage, One Hundred Dollars ($100.00). Petitioner and his present wife, Elinor, have one child. They reported income of $11,784 for the year 1958. During 1958 Mark, Randolph, and Elizabeth, ages 11, 8, and 4, respectively, lived with their mother in Cambridge, Massachusetts. None of the children had gross income of $600 or more for that year. Mark and Randolph attended the Shady Hill School, a private school in Cambridge, Massachusetts, for both terms in 1958, and Elizabeth attended the four-year old beginners class for the fall term. Elizabeth Dunn, who has not remarried since her divorce, worked part time in the fall of 1958 during the morning when the *158 children were in school. She was a tutor in mathematics for which she received approximately $1 an hour. In addition to these earnings and the amounts received from petitioner for alimony and child support, she received the following amounts of money from the following sources Gifts from an aunt
$2,975
Repayment of loan
594
Settlement of claim from insur-
ance company
350
Gifts from others
100
$4,019
In the year 1958, petitioner contributed the following amounts for the support of the three children: Pursuant to divorce decree
$2,999.88
Hospitalization insurance
75.00
Christmas gifts
30.00
$3,104.88 Included in petitioner's total contribution is an amount of $249.99 from a check for $416.42 transmitted to Elizabeth on or about December 1, 1958. The check represented a refund of income tax from the 1956 joint return of petitioner and Elizabeth. The 1956 return shows that all of the income reported was that of petitioner, except for a nominal amount representing dividends and trust income of Elizabeth. Petitioner endorsed the check and sent it to Elizabeth, instructing her to consider it as alimony and child support. No more than *159 the following amounts were spent for the total support of the children in 1958: Housing
$2,191.30
Food
1,040.81
Education
798.00
Medical expenses
797.87
Clothing
460.76
Home furnishings
262.77
Transportation
170.08
Miscellaneous expenses
471.63
$6,193.22
For approximately 11 months, Elizabeth and the three children lived in an apartment which rented for $175 a month. In November 1958, Elizabeth purchased an old, three-story frame house with a rental value of approximately $175 a month. She and the children lived there for the remainder of the year. Petitioner contributed more than one-half of the support of the three children for 1958. Opinion Petitioner claimed each of his three children as dependents for the year 1958. In the statutory notice of deficiency, respondent disallowed the exemption "for the reason that you have not established your right to the deduction." It is petitioner's burden, therefore, to establish not only what amount he contributed toward the children's support, but to show in some way that it exceeded one-half of their total support. We have found as a fact that petitioner has met his burden. In determining the total *160 amount of petitioner's support contributions for 1958, we have considered argument advanced by the respondent that no part of a check for $416.42 representing an income tax refund for the year 1956 be included. Respondent's position is that since petitioner and Elizabeth filed a joint return for 1956, the refund for that year was not his to use in paying his support obligations. We have, nevertheless, included an amount of $249.99 of the check in the support payments for 1958. The filing of a joint return does not have the effect of converting the income of one spouse into the income of the other. In re Illingsworth, an unreported case ( D.C.Ore., July 17, 1956, 51 A.F.T.R. 1512, 56-2U.S.T.C. par 10,004). Since the income reported in 1956 was predominantly that of petitioner, we think he should be allowed to use it in meeting his support obligations. On the other hand, the premium of $12.60 paid by petitioner on a life insurance policy of which the three children were beneficiaries, has not been included because it is a nonsupport item. Aaron F. Vance, 36 T.C. 547 (1961). Having determined that petitioner furnished a total of $3,104.88 for the support *161 of the children for 1958, the question remains whether that amount represents more than one-half of their total support for that year. Elizabeth, relying on an affidavit prepared in 1960 from checks and receipts in her possession, stated on deposition that the total sum of $7,023.64 was spent for the support of the children during 1958. Because of the items listed in the affidavit, we are not convinced that the entire amount was spent for the support of the children. It appears that certain expenditures constitute nonsupport items or are overstated. Consequently, we have made several adjustments in arriving at what we consider a more realistic and accurate figure. In determining the total expense of housing, home furnishings, food, and miscellaneous items for the children, we have assumed, as requested by respondent, that each member of the household incurred such expenses equally and, therefore, that 75 percent of these expenses were incurred for the benefit of the children. We have done this even though, as a practical matter, it is not free from doubt whether that high a percentage for such items should be allocated to these young children. Elizabeth stated that she spent *162 $3,744.16 for housing during the year 1958. She attributed 75 percent of that figure, or $2,809.12, to the children. For approximately 11 months, she and the children lived in an apartment renting for $175 a month. In addition to rent, utilities, and moving expenses, Elizabeth included an amount in excess of $900 representing expenditures in the last two months of 1958 toward the purchase of a house. On the authority of Raymond M. McKay, 34 T.C. 1080 (1960), and Emil Blarek, 23 T.C. 1037 (1955), acq. 1958-2 C.B. 4, we have included a fair rental value of $131.25 (75 percent of $175) for the month of December in lieu of the actual expenditures of purchasing the house. Taking into consideration the testimony of petitioner that the house was an old, three-story frame house and that Elizabeth subsequently took on a roomer for $48 a month, we have concluded that $175 a month is a reasonable monthly fair rental value and that 75 percent of that amount can be attributed to the cost of housing for the children for one month. Elizabeth further stated that she paid automobile expenses of $510.24 for 1958. She allocated 75 percent of this amount for transportation *163 expenses of the children. We find that such an allocation bears little relationship to the normal transportation needs of children of the ages of 4, 8, and 11. Petitioner indicated that Elizabeth's apartment was within walking distance of the school. We conclude that one-third of the automobile expenses would be a reasonable amount to be attributed to the entertainment and incidental needs of the children. While there are others, particularly in the category of miscellaneous, which appear as doubtful support items, the above adjustments to housing and transportation expenses are more than enough to reduce the total support expenditures to an amount less than twice the support contributions of petitioner. Accordingly, we find that petitioner furnished more than one-half of the support of the three children and that he is entitled to claim them as exemptions for the year 1958. Since it is our view that the children qualify as dependents of petitioner, it follows that petitioner is entitled to a medical deduction of $75, representing his payment toward the cost of hospitalization insurance for the children. To reflect certain concessions made by the petitioners, Decision will *164 be entered under Rule 50.