Jean W. Tourte v. Commissioner.
Tourte v. Commissioner
Docket No. 4935-67.
United States Tax Court
T.C. Memo 1969-143; 1969 Tax Ct. Memo LEXIS 152; 28 T.C.M. (CCH) 745; T.C.M. (RIA) 69143; July 3, 1969. Filed *152 Held: The petitioner has failed to show that she provided more than one-half of the total support of the claimed dependents for 1963. Jean W. Tourte, pro se, 339 Olema Rd., Fairfax, Calif. Nicholas G. Stucky, for the respondent. SIMPSON
Memorandum Findings of Fact and Opinion SIMPSON, Judge: The respondent determined a deficiency of $396.51 in the petitioner's 1963 income tax. The issue for decision is whether the petitioner is entitled to dependency deductions for her children, Richard Tourte, Michele Tourte, and Laura Tourte, for the year 1963. Findings of Fact Some of the facts have been stipulated, and those facts are so found. The petitioner, Jean W. Tourte, resided in Fairfax, California, at the time the petition *153 was filed in this case. She filed her 1963 income tax return with the district director of internal revenue in Reno, Nevada. The petitioner and her husband were divorced in 1962. The custody of their children, Richard, age 17, Michele, age 11, and Laura, age 9, was awarded to the petitioner, and during 1963, she and the children resided together in a mobile home, the fair rental value of which was $1,320 per year. During the first 4 months of 1963, the petitioner was employed by a Santa Rosa, California, employment agency. During the remainder of the year, she held jobs as 746 an assistant convention director at hotels in Santa Rosa and Stateline, Nevada. In 1963, the petitioner had $8,395.87 of funds available for the support of herself and the children. Of this amount, $4,800 was contributed by her former husband - $1,200 as alimony and $1,200 for each child as support. The following table sets forth the amounts and categories of traceable expenditures made by the petitioner during 1963: Lodging
$1,518.53
Food
610.45
Automobile payments
803.04
Gasoline and maintenance for automobile
128.07
Automobile insurance
194.12
Clothing
996.99
Medical and dental
158.00
Moving
475.00
Newspaper, magazine, and book subscriptions
155.99
Telephone 127.68 $5,167.87
*154 The remaining expenditures by the petitioner out of her total funds available in 1963 were for food, clothing, or other expenses. The total of these additional expenditures was not greater than $3,228.00 - the difference between her total funds available of $8,395.87 and her traceable expenditures of $5,167.87. During 1963, the petitioner's automobile was driven approximately 5,500 miles. Opinion The issue for decision in this case is whether the petitioner is entitled to dependency deductions for 1963 for her children, Richard, Michele, and Laura. To be entitled to such deductions, the petitioner must have furnished more than one-half of each child's support during the year, and she has the burden of proving such support. Sections 151(e) and 152(a), Internal Revenue Code of 1954; Aaron F. Vance, 36 T.C. 547, 549 (1961); Rule 32, Tax Court Rules of Practice.
The petitioner's former husband supplied $3,600 toward the support of the children. In order to prevail, the petitioner must show that she contributed a greater amount toward their support. [1] An examination of the various classes and amounts of the petitioner's 1963 expenditures reveals *155 that the petitioner has failed to make such a showing.
1. Lodging. It has been stipulated that the fair rental value of the lodging accommodations for the petitioner and her children was $1,320.00 for the year 1963. Although $1,518.53 was actually expended on items relating to lodging, the fair rental value of the lodging is the amount to be used for purposes of computing lodging support. Emil Blarek, 23 T.C. 1037 (1955). The respondent contends that the value of the lodging for the petitioner and her children should be divided equally among them with $330 allocable to the petitioner and $990 to the children. See Rev. Rul. 235, 1953-2 C.B. 23, modified by Rev. Rul. 58-302, 1958-1 C.B. 62, and Rev. Rul. 64-222, 1964-2 C.B. 47. *156 The petitioner argues that a proportionately larger share of the lodging should be allocated to the children, but she has not suggested what such an allocation should be. Although the petitioner did not use the children's bedrooms, she used all other portions of the home and had free access to the entire home. In these circumstances, we hold that the fair rental value of lodging should be divided equally among the petitioner and her children. 2. Food. The portion of the petitioner's 1963 expenditures which is directly traceable to food is $610.45. The petitioner contends, and the evidence supports her, that relatively less of this expense is allocable to her than to her children. Owing to the nature of her jobs, she was frequently furnished lunch and dinner by her employers and others. However, the evidence indicates that during the first 4 months of 1963, the petitioner frequently ate dinner at home on weekdays and Saturdays and ate all her Sunday meals at home. Additionally, for the last 8 months of 1963, the petitioner occasionally ate dinner at home with her family. The respondent contends that of the $610.45 food expense, oneeighth, or $76.30, should be allocated to the petitioner *157 and $534.15 should be allocated to her children. This allocation is 747 reasonable in light of the evidence, and we accept it. 3. Automobile expenses. During 1963, the petitioner expended $803.04 for automobile payments, $128.07 for gasoline and maintenance, and $194.12 for insurance. Since part of these expenses are attributable to the cost of the automobile, the total expenditures of $1,125.23 may not be used in determining support. Rev. Rul. 56-399, 1956-2 C.B. 114. In the absence of evidence indicating a proper depreciation allowance, the respondent has suggested that we employ the principles set forth in Rev. Proc. 64-10, 1964-1 (Part 1) C.B. 667, under which the petitioner's automobile expense allocable to 1963 would be 10 cents a mile or $550. The revenue procedure is expressly applicable only for purposes of determining trade or business expenses or expenses for the production of income. However, the allowance determined under the revenue procedure seems reasonable, and since we have no evidence indicating the correctness of a different figure, we find that the proper cost of using the automobile in 1963 was $550. The evidence indicates *158 that the petitioner and her children received equal benefit from the automobile, and accordingly, we allocate $137.50 of the automobile allowance to the petitioner and $412.50 to the children. 4. Clothing. The evidence indicates that of the traceable clothing expenditures of $996.99, $95.00 should be allocated to the petitioner and $901.99 to the children. 5. Medical, dental, moving, subscription, and telephone expenses. the remaining traceable expenditures of $916.67 are attributable to medical and dental expenses, moving expenses, newspaper and magazine subscriptions, and telephone bills. These are all elements of support, and in the absence of evidence to the contarry, we allocate them proportionately among the petitioner and her children - $229.17 to the petitioner and $687.50 to the children. The foregoing items account for $5,167.87 of the petitioner's expenditures. Our findings with respect to these expenditures may be summarized as follows: *10
Allocation
Total
Children
Petitioner
Nonsup- port
Lodging
$1,518.53
$ 990.00
$330.00
$198.53
Food
610.45
534.15
76.30
Automobile
1,125.23
412.50
137.50
575.23
Clothing
996.99
901.99
95.00
Medical and dental, etc 916.67
687.50
229.17 $5,167.87
$3,526.14
$867.97
$773.76
*159 In addition to the above amount, the petitioner had available during 1963 $3,228 which cannot be accurately traced to any specific expenditures but is generally allocable to additional food, clothing, entertainment, and miscellaneous expenses. It is not necessary for us to determine an allocation for this additional sum, since it is apparent that even in the unlikely event it is allocable entirely to the children's support, the petitioner could still not prevail. The petitioner spent at least $1,641.73 [2] of her total funds of $8,395.87 on items not related to the children's support. Thus, the most that could have been spent on their support was $6,754.14. Since the petitioner's former husband contributed $3,600.00 of this amount, the petitioner could not have contributed more than $3,154.15, less than one-half of the total support. Decision will be entered for the respondent. Footnotes
1. In the absence of evidence to the contrary, we have assumed that no person other than the petitioner and her former husband contributed toward the children's support; that each child received an equal amount of support; and that the petitioner contributed an equal amount toward each child's support. See Estela De La Garza, 46 T.C. 446 (1966), affd. per curiam 378 F. 2d 32↩ (C.A. 5, 1967).
2. This figure is comprised of $867.97 allocable to the support of the petitioner and $773.76 allocable to expenditures of nonsupport.↩