Neta L. (Kyle) Sharney v. Commissioner. Orville B. Kyle v. Commissioner.
Sharney v. Commissioner
Docket Nos. 4262-71, 5712-71.
United States Tax Court
T.C. Memo 1972-115; 1972 Tax Ct. Memo LEXIS 139; 31 T.C.M. (CCH) 460; T.C.M. (RIA) 72115; May 22, 1972, Filed. *139 Held, W, the custodial parent, clearly established that she provided more for the support of each of her three children during 1967 than H, the noncustodial parent. Neta L. (Kyle) Sharney, pro se 732 Westg ate, St. Louis, Mo., in docket No. 4262-71. James A. Greenblatt, 230 So. Bemiston Ave., Clayton, *140 Mo., for the petitioner in docket No. 5712-71. John B. Turner and James E. Cannon, for the respondent. SIMPSON
Memorandum Findings of Fact and Opinion SIMPSON, Judge: The respondent determined a deficiency of $336.00 in the 1967 Federal income tax of Neta L. (Kyle) Sharney, and a deficiency of $417.09 in the 1967 Federal income tax of Orville B. Kyle. The only issue for decision is whether Mrs. Sharney or Mr. Kyle is entitled to the dependency deductions for their three children. Findings of Fact Some of the facts were stipulated, and those facts are so found. The petitioner, Neta L. (Kyle) Sharney, maintained her legal residence in St. Louis, Missouri, at the time that her petition was filed in this case. She filed her 1967 individual Federal income tax return with the district director of internal revenue, St. Louis, Missouri. The petitioner, Orville B. Kyle, maintained his legal residence in St. Charles, Missouri, at the time that his petition was filed in this case. He filed his 1967 individual Federal income tax return with the district director of internal revenue, St. Louis, Missouri. Mr. Kyle and Mrs. Sharney were formerly husband and wife. They were *141 divorced on February 17, 1967, and under the decree, custody of their minor children Sharon Kay, Kathy Sue, and Orville Bernard, Jr., was awarded to Mrs. Sharney. The divorce decree also provided that Mr. Kyle pay Mrs. Sharney $45 per week for the support of their children, but it was silent as to who was entitled to the dependency deductions for the children for Federal income tax purposes. Following the issuance of the divorce decree, Mrs. Sharney became sole owner of the furniture that was used to furnish the house, and later the apartment, in which she and the children resided. Mrs. Sharney made at least $5,750 of expenditures for herself and her family during 1967. These included $2,303 for food, $1,181 for rent, $499 for utilities, approximately $165 for laundry and dry cleaning, and $217 for basic family health insurance. She also expended $91 for the children's transportation, $24 for additional health insurance for the children, and $45 for gifts for the children. Furthermore, she made expenditures for specific children as follows: Sharon
$162 for clothes 54 for school lunches 198 as an $414
Kathy
$ 96 for clothes 54 for school lunches 222 as an allowance $372 461
Orville, Jr.
$ 87 for clothes 300 for babysitting 50 entertainment $437
*142 The furniture that Mrs. Sharney used to furnish the house, and later the apartment, in which she and the children resided had a fair rental value of $80 per month. The sources of funds for the expenditures which Mrs. Sharney made during 1967 include at least $2,250.00 of child support payments which she used for the children's support, $179.00 for damages received in settlement of an automobile accident claim, $3,591.54 take-home pay after Federal tax withholding, approximately $250.00 as her share of a refund on the joint 1966 Federal income taxes of Mr. Kyle and herself, and savings which she used to pay the costs of the divorce. Furthermore, the expenditures, other than for insurance, which she made during the first 20 days of January were from funds which she held jointly with Mr. Kyle. Mr. Kyle made at least 50 payments of $45 each during 1967 for the support of the children. He also spent approximately $75 for gifts, trips, and meals for the children. Each of the petitioners claimed dependency deductions for the three children on the 1967 Federal income tax returns, and the respondent disallowed such deductions on the returns of both Mrs. Sharney and Mr. Kyle. Opinion
*143 The only issue for decision is whether Mrs. Sharney or Mr. Kyle is entitled to the dependency deductions for their children. Section 152(e)(1) of the Internal Revenue Code of 1954[1] provides that where a child of divorced parents receives over one-half of his support from such parents, the parent having custody shall be entitled to the dependency deduction for such child unless section 152(e)(2) applies. Under section 152(e)(2)(B), a divorced parent not having custody of his child is entitled to the dependency deduction for that child if he: (i) * * * provides $1,200 or more for the support of such child (or if there is more than one such child, $1,200 or more for all of such children) for the calendar year, and (ii) the parent having custody of such child does not clearly establish that he provided more for the support of such child during the calendar year than the parent not having custody. There is no question in this case as to whether the parents provided over one-half of the children's support, and it is clear that Mr. Kyle provided more than $1,200 for the support of *144 the three children. Therefore, to be entitled to the dependency deductions, Mrs. Sharney must clearly establish that she provided more for the support of each child than Mr. Kyle provided. During 1967, Mrs. Sharney made at least a total of $5,750 of expenditures for the support of herself and her family. Of this total amount, $414 was spent specifically for the support of Sharon, $372 specifically for the support of Kathy, and $437 specifically for the support of Orville, Jr. To compute the support she provided for each child, Mrs. Sharney added to the specific amounts spent on each child an allocable part of the other expenditures she made during the year less an allocable portion of the child support payments received during the year. Thus, on the basis that the amounts she spent on rent, food, utilities, laundry, and basic health insurance benefited her and the three children equally, Mrs. Sharney allocated one-quarter of such amounts to the support of each child. Similarly, she allocated one-third of the amounts she spent on the children's gifts, transportation, and additional health insurance to each child. Mrs. Sharney further allocated onequarter of what she estimated to be *145 the fair rental value of her furniture to each child for the 10 month and 11 day period following the divorce. Finally, she apparently allocated one-third of the child support payments to each child and subtracted such amount from the amounts which she expended on and allocated to each child. Although Mr. Kyle does not dispute the method of allocation used by Mrs. Sharney, we believe that the evidence requires several minor adjustments. During the first 20 days of January, there were 5 and not 4 people in the family. Also, during this same period, most of the expenditures made by Mrs. Sharney were from funds which she held jointly with Mr. Kyle and not from her own funds. Furthermore, the furniture was apparently jointly owned before February 17, 1967, and one-half of such value should be allocated to Mr. Kyle and one-half to Mrs. Sharney. Using Mrs. Sharney's figures with these minor adjustments, the amount of support provided by Mr. Kyle and Mrs. Sharney would be as follows: 462 Support from
Support from
Mrs. Sharney
Mr. Kyle
Sharon
$ 983
$823
Kathy
942
821
Orville, Jr.
1,005
824
Mr. Kyle contends, however, that he made one more $45 payment *146 than Mrs. Sharney claimed. Even if we assume that he is correct, Mrs. Sharney still would have contributed more for the support of each child than Mr. Kyle. Mr. Kyle also seems to contend that the fair rental value of the furniture is not includable in computing support. However, this Court has held that the fair rental value of lodging furnished to a dependent is includable in support ( Emil Blarek, 23 T.C. 1037 (1955)), and we believe that the fair rental value of furniture should be includable. Mr. Kyle alternatively contends that Mrs. Sharney counted the rental value of the furniture twice in computing her share of support because such value was originally included in the rental value of the dwellings in which she and the children lived. As the house and apartment were both rented as unfurnished dwellings, we reject Mr. Kyle's contention. We also note that Mrs. Sharney's estimate of the fair rental value of the furniture is not challenged and that the estimate was based on what Mrs. Sharney claimed to be the difference between what she was paying to rent the unfurnished dwellings in which she and the children lived and the rent being charged for similar dwellings *147 which were furnished. Under these circumstances, we do not find Mrs. Sharney's estimate so improbable as to induce us to reject it. See Hasson v. Commissioner, 239 F. 2d 778, 782 (C.A. 6, 1958), affg. a Memorandum Opinion of this Court, see generally Anita M. Baldwin, 10 B.T.A. 1198 (1928). Although he did not present any evidence to indicate that Mrs. Sharney did not expend the amount she claimed, Mr. Kyle claims that Mrs. Sharney could not have made the claimed expenditures for the children because she would not have had sufficient funds to support herself. We find that she had nearly $1,700 to use for her own support during 1967, and that she had approximately $650 to use for herself afterr payment of the household expenses. Thus, we reject this final contention. We find that Mrs. Sharney provided not less than $968 for the support of Sharon, not less than $927 for the support of Kathy, and not less than $990 for the support of Orville, Jr. We further find that Mr. Kyle provided not more than $839 for the support of any child. We, therefore, hold that Mrs. Sharney has clearly established that she provided more for the support for each child than Mr. Kyle *148 provided, and that she is entitled to the three dependency deductions for 1967. Decision will be entered for the petitioner in docket No. 4262-71. Decision will be entered for the respondent in docket No. 5712-17. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954.↩