JOHN D. M. CAMERON and SANDRA C. CAMERON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cameron v. Commissioner
Docket No. 397-71.
United States Tax Court
T.C. Memo 1974-166; 1974 Tax Ct. Memo LEXIS 152; 33 T.C.M. (CCH) 725; T.C.M. (RIA) 74166; June 24, 1974, Filed. John D. M. Cameron, pro se. Jeffrey C. Kahn, for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined a deficiency in the Federal income tax of petitioners for the taxable year 1967 in the amount of $520.06. Sandra C. Cameron is a party to this proceeding solely because she filed a joint Federal income tax return with her husband for the year in issue, and we will hereinafter refer to John D. M. Cameron as petitioner. *153 The issue for decision is whether petitioner met the support test provided in section 152(e) (2) [1] thereby entitling him, as the non-custodial parent of three children by a former marriage, to a dependency deduction under section 151 [2] in 1967 for each of the children. *154 FINDINGS OF FACT Most of the facts have been stipulated and are so found. The stipulation of facts together with the exhibits attached are incorporated by reference. Petitioners John D. M. Cameron and Sandra C. Cameron are married and resided in Phoenixville, Pennsylvania, when they filed their petition herein. They filed their joint Federal income tax return for the taxable year 1967 with the district director of internal revenue at Philadelphia, Pennsylvania. The petitioner and Elizabeth M. Cameron were divorced in Chester County, Pennsylvania, on October 7, 1965. Three children were born to the marriage whose ages during the taxable year in issue were as follows: (a) Tracy Leigh Cameron, age sixteen; (b) Alison Wray Cameron, age fourteen; and (c) Dean Christofer Cameron, age twelve. Elizabeth M. Cameron retained custody of the children after the divorce and continued to retain custody throughout the taxable year in question. She and the children have resided at 1138 W. Valley Road, Wayne, Pennsylvania, since her divorce from petitioner. Incident to the divorce, the parties entered into a separation agreement which provided, in part, as follows: (1) The *155 wife was given full title to the four bedroom, two and one-half bath house located at 1138 West Valley Road, Wayne, Pennsylvania, and the household furnishings therein; (2) The husband agreed to pay support payments to his wife for the benefit of the three children in the amount of $135 per month per child until the child dies, marries, or reaches his or her eighteenth birthday; and (3) The husband agreed to pay the wife for her benefit a total of $350 per month until her death of her remarriage. (Subject to certain other contingencies not relevant to the issue in this case.) The fair rental value of the fully furnished residence located at 1138 W. Valley Road in Wayne, Pennsylvania, was $450 per month, exclusive of utilities. During 1967, Elizabeth M. Cameron paid utility expenses for the residence totaling $869.69. Elizabeth M. Cameron also incurred and paid minor repair and replacement expenses to the residence during 1967 in the total amount of $424. Thus, the total amount relating to the residence, including fair rental value and expenses of 1967 was $6,693.69. During 1967, the following amounts were spent for the support and maintenance of each child: Tracy
Alison
Dean Food
$ 792.00
$ 792.00
$ 792.00
Medical
81.00
281.00
162.00
Education
90.00
50.00
30.00
Other Expenses (including cleaning, lunches, allowances, etc.)
538.00
613.00
434.00
Recreation
471.00
516.00
471.00
Clothing 467.00
467.00
467.00
TOTAL $2,439.00
$2,719.00
$2,356.00
*156 Pursuant to the separation agreement, petitioner made payments to his former wife amounting to $1,620 per child during 1967. In addition, petitioner carried medical insurance which covered himself, his present wife, and the three children. The allocable portion of the annual insurance premium attributable to each child was $24 per child making a total contribution of $1,644 to each child during 1967 by petitioner. In his statutory notice of deficiency, the Commissioner allocated the total housing costs of $6,693.69 equally among Elizabeth M. Cameron and the three children living with her and determined that petitioner failed to provide over one-half of the support of each of his three children during 1967 thus disallowing petitioner's dependency deductions for the three children. OPINION The narrow issue for decision is whether respondent properly allocated the total housing costs of $6,693.69 paid during 1967. Petitioner does not question the inclusion of the fair rental value of the residence in the determination of whether he provided more than one-half of the support of the dependents [3] but disagrees with the equal allocation of the costs among all members of the *157 household. Respondent contends that his allocation which simply divides the total housing costs equally among the former wife and three children, is reasonable because all the persons living in the house had equal access to all parts of the house and petitioner has not disproved the reasonableness of respondent's allocation nor has petitioner offered a better alternative. Respondent relies upon Rev. Rul. 64-222, 1964-2 C.B. 47 and Rev. Rul. 58-302, 1958-1 C.B. 62 as authority for the equal allocation in the absence of an actual record of expenses relating to the support of each member of the household. Those rulings deal with situations where several members of the same household contribute toward expenses.In the instant case, petitioner was not a member of the household in question and the children did not contribute to the expenses of the household. Petitioner, a pro se taxpayer, attempted to present evidence to demonstrate that the addition of bedrooms to a residence would not necessarily double the fair rental value of the residence and that this Court should take cognizance of the fact and *158 that an adult woman has certain minimum base housing costs which cannot be treated as equal to the minimum housing costs of minor children.The burden is on the petitioner to prove respondent's allocation is unreasonable. Apart from the comparative rental estimates petitioner presented at trial (without benefit of legal counsel), we conclude that the equal allocation is not reasonable because Elizabeth M. Cameron could not have maintained herself in the residence in question at as low a rental figure (25 ercent of $450 per month and expenses), as respondent has assigned to her in this case. The addition of bedrooms for minor children does not justify an equal allocation. A more realistic allocation would credit Elizabeth M. Cameron with 60 percent of the housing costs and the three children with 40 percent to be divided equally among them. Under our formula, therefore, petitioner has proved that he provided over one-half the support for Alison but has not proved that he provided over one-half the support for Tracy or Dean during 1967. Petitioner is, therefore, allowed a dependency exemption for Dean Cameron and is not allowed dependency exemptions for Tracy Cameron or Alison *159 Cameron. Decision will be entered under Rule 155. Footnotes
1. SEC. 152(e) SUPPORT TEST IN CASE OF CHILD OF DIVORCED PARENTS, ET CETERA. - (1) GENERAL RULE. - If - (A) a child (as defined in section 151(e) (3)) receives over half of his support during the calendar year from his parents who are divorced or legally separated under a decree of divorce or separate maintenance, or who are separated under a written separation agreement, and (B) such child is in the custody of one or both of his parents for more than one-half of the calendar year, such child shall be treated, for purposes of subsection (a), as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year unless he is treated, under the provisions of paragraph (2), as having received over half of his support for such year from the other parent (referred to in this subsection as the parent not having custody). (2) SPECIAL RULE. - The child of parents described in paragraph (1) shall be treated as having received over half of his support during the calendar year from the parent not having custody if - (A) (i) the decree of divorce or of separate maintenance, or a written agreement between the parents applicable to the taxable year beginning in such calendar year, provides that the parent not having custody shall be entitled to any deduction allowable under section 151 for such child, and (ii) such parent not having custody provides at least $600 for the support of such child during the calendar year, or (B) (i) the parent not having custody provides $1,200 or more for the support of such child (or if there is more than one such child, $1,200 or more for all of such children) for the calendar year, and (ii) the parent having custody of such child does not clearly establish that he provided more for the support of such child during the calendar year than the parent not having custody. For purposes of this paragraph, amounts expended for the support of a child or children shall be treated as received from the parent not having custody to the extent that such parent provided amounts for such support. ↩
2. All references are to the Internal Revenue Code of 1954, as amended. ↩
3. See Emil Blarek, 23 T.C. 1037↩ (1955).