T.C. Memo. 2004-253

UNITED STATES TAX COURT

THOMAS SAMUEL LEAR, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10644-02.          Filed November 8, 2004.

Thomas Samuel Lear, pro se.

<u>Jack T. Anagnostis</u>, for respondent.

MEMORANDUM OPINION

VASQUEZ, <u>Judge</u>:  Respondent determined a deficiency of

$2,943 in petitioner's 2000 Federal income tax.[1]

After concessions,[2] the issues for decision are:  (1)

_____

[1]  All amounts are rounded to the nearest dollar.

[2]  Respondent concedes that petitioner is entitled to the
earned income credit and dependency exemption deduction for his

(continued...)

Whether petitioner is entitled to claim a dependency exemption deduction for his daughter; and (2) whether petitioner is entitled to claim the Earned Income Credit for his daughter.

Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time he filed his petition, petitioner resided in Lawrenceville, New Jersey.

From late 1998 or early 1999 until the date of trial, petitioner and Christine Challice (Ms. Challice) lived together. Petitioner and Ms. Challice are not married. Petitioner and Ms. Challice have two children: Jacob Lear (Jacob) and Amy Lear (Amy) born June 17, 1999, and November 17, 2000, respectively.

During 2000, neither petitioner nor Ms. Challice received public assistance or financial aid of any kind. Petitioner, Ms. Challice, Amy, and Jacob lived with petitioner's mother (Ms. Lear) in her home from the time of Amy's birth until April 2001.

Petitioner was employed and reported total income of $16,657 for 2000. Ms. Lear reported a higher adjusted gross income for 2000 than did petitioner. During 2000, petitioner paid the utility bills for the house and various miscellaneous expenses. In the aggregate, the utility bills were approximately $600 per

—————————————

[2](...continued)
son and is also entitled to head-of-household filing status for 2000.

month.  Petitioner also provided food, diapers, and clothing for Amy.  Insurance paid the costs of Amy's birth and her medical expenses.

## Discussion

### Dependency Exemption Deduction

Section 151(c)[3] allows a taxpayer to deduct an exemption amount for each "dependent," as defined in section 152.  Section 152(a) defines the term "dependent" to include the daughter of a taxpayer "over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) or (e) as received from the taxpayer)".

A taxpayer must establish the total cost of monetary "support" expended on behalf of a claimed dependent from all sources for the relevant year and establish that the taxpayer provided over half of the total amount.[4]  Blanco v. Commissioner, 56 T.C. 512, 514-515 (1971); sec. 1.152-1(a)(2)(i), Income Tax Regs.  "Support" includes items such as "food, shelter, clothing, medical and dental care, education, and the like."  Sec. 1.152-1(a)(2)(i), Income Tax Regs.  The total amount of support

---

[3]  Unless otherwise indicated, all section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[4]  Petitioner does not contend that sec. 7491(a) is applicable to his case.

provided by all sources for the relevant year must be established by competent evidence. Blanco v. Commissioner, supra at 514. To determine whether a taxpayer provided more than half of the support for a dependent, the amount of support provided by the taxpayer is compared to the dependent's total amount of support. Sec. 1.152-1(a)(2)(i), Income Tax Regs. The value of support in the form of lodging is measured by its fair rental value. Blarek v. Commissioner, 23 T.C. 1037, 1039 (1955).

We found petitioner to be forthright and candid and his testimony to be credible. Petitioner testified about various amounts he expended to support Amy. Petitioner, however, did not establish the fair rental value of the lodging supplied by Ms. Lear, nor did petitioner establish the total amount of support provided for Amy in 2000. We therefore sustain respondent's determination that petitioner is not entitled to a dependency exemption deduction for Amy.

Earned Income Credit

Section 32(a)(1) allows an eligible individual an earned income credit against the individual's income tax liability. An "eligible individual" is defined as either "any individual who has a qualifying child for the taxable year" or any individual who does not have a qualifying child and who meets the requirements of section 32(c)(1)(A)(ii). Merriweather v. Commissioner, T.C. Memo. 2002-226. A "qualifying child" is

defined as an individual who satisfies a relationship test, a residency test, and an age test. Sec. 32(c)(3). If more than one individual would be treated as an eligible individual with respect to the same qualifying child for the same taxable year, only the individual with the highest modified adjusted gross income for that taxable year will be allowed the earned income credit. Sec. 32(c)(1)(C).

Petitioner satisfies the statutory requirements necessary to qualify as an eligible individual, and Amy satisfies the requirements for a qualifying child. Under the Internal Revenue Code applicable for the year in issue, however, petitioner must also have the highest adjusted gross income of any eligible individual with respect to Amy. Petitioner conceded on cross-examination that Ms. Lear, who is also an eligible individual with respect to Amy for 2000, had a higher adjusted gross income than he did. Therefore, Ms. Lear is treated as the only eligible individual with respect to Amy. See <u>Sutherland v. Commissioner</u>, T.C. Memo. 2001-8. Accordingly, respondent's determination is sustained.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.