## L. ELEANOR SWANSON v. ALBERT J. SWANSON.[1]

February 4, 1955.

No. 36,394.

[1]Reported in 68 N. W. (2d) 418.

*Charles M. Bank,* for appellant.
*Vennum, Newhall & Ackman* and *William Howard,* for respondent.

CHRISTIANSON, JUSTICE.

Defendant appeals from a judgment entered against him in a divorce action.

The sole question presented is whether the district court erred in awarding plaintiff the homestead of the parties free and clear of all claims of defendant. The homestead was acquired during coverture and, although defendant paid the entire consideration therefor, the record title thereof was placed in plaintiff's name some eight years before the divorce. .The trial court found the reasonable value of the homestead to be $7,000 and its finding is not assigned as error on appeal. Defendant contends that the trial court abused its discretion in awarding to plaintiff more than one-third in value of the gross estate of defendant in violation of M. S. A. 1949, § 518.22. However, defendant has overlooked the fact that this section was repealed by L. 1951, c. 551, § 15, and that the statute applicable to the instant case is M. S. A. 518.58, which was enacted in 1951[2] and provides:

"Upon a divorce for any cause, or upon an annulment, the court may make such disposition of the property of the parties acquired during coverture as shall appear just and equitable, having regard to the nature and determination of the issues in the case, the amount of alimony or support money, if any, awarded in the judgment, the manner by which said property was acquired and the persons paying or supplying the consideration therefor, the charges or liens imposed thereon to secure payment of alimony or support money, and all the facts and circumstances of the case."

As we recently observed in Albertson v. Albertson, 243 Minn. 212, 218, 67 N. W. (2d) 463, 467, with respect to the foregoing provisions, "the court may now make such disposition of property acquired

---

[2]L. 1951, c. 551, § 5.

during coverture 'as shall appear just and equitable.' This determination involves the exercise of wide discretion by the trial court."

The record in the instant case discloses that although defendant was gainfully employed and capable of earning in excess of $2 per hour as a carpenter, no permanent alimony or support money was awarded plaintiff and that at the time of trial defendant was in default in the payment of temporary alimony to plaintiff in the sum of $1,008. The trial court after making detailed findings of fact stated in its conclusions of law and judgment "That on the basis of the showing made at the time of trial no alimony is hereby awarded except as provided in granting plaintiff exclusive ownership of the home of the parties hereto and debarring and divesting defendant of any interest therein."

In view of plaintiff's physical condition and limited earning capacity and all the other facts and circumstances presented in this case we can find no abuse of discretion in the trial court's award of the homestead to plaintiff free and clear of all claims of defendant. Cf. Kelly v. Kelly, 243 Minn. 114, 66 N. W. (2d) 606; French v. French, 236 Minn. 439, 53 N. W. (2d) 215.

Plaintiff is allowed $150 attorneys' fees in this court.

Judgment affirmed.