*Decision will be entered under Rule 50.*

EVA L. LINDBERG, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT
THOMAS F. LINDBERG, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 504–65, 1410–65.    Filed May 17, 1966.

*Jack Palkovitz*, for petitioner in docket No. 504–65.
*Thomas C. Jones*, for petitioner in docket No. 1410–65.
*Joseph M. Abele*, for the respondent.

SCOTT, *Judge:* Respondent determined deficiencies in the income tax of Eva L. Lindberg for the calendar years 1961 and 1962 in the amounts of $240 and $241.50, respectively, and determined deficiencies in the income tax of petitioner Thomas F. Lindberg for the calendar years 1961 and 1962 in the amounts of $312 and $311.90, respectively. The basis for the determination of each of these deficiencies was the disallowance of the claimed dependency exemptions for the two children of Eva L. Lindberg and Thomas F. Lindberg for each of the calendar years.

The issue for decision is which of petitioners is entitled to the dependency exemptions for their two minor children in each of the years here involved.

FINDINGS OF FACT

Some of the facts have been stipulated and are found accordingly.

Eva L. Lindberg (hereinafter referred to as Eva) filed her individual Federal income tax returns for the calendar years 1961 and 1962 with the district director of internal revenue, Pittsburgh, Pa.    Thomas F. Lindberg (hereinafter referred to as Thomas) filed his individual

Federal income tax returns for each of the calendar years 1961 and 1962 with the district director of internal revenue, Pittsburgh, Pa.

Eva and Thomas, previously husband and wife, are the parents of two children, Thomas E. and Peggy L., born October 29, 1949, and October 1, 1951, respectively. Eva and Thomas did not live together after January 6, 1961, when Thomas left the house in which they were then living. Eva and Thomas were divorced on September 19, 1961.

Eva and Thomas owned jointly the house in McKeesport, Pa., in which they both were living with their two children prior to January 6, 1961. Eva and the two children continued to live in this house during the year 1961 and until late June 1962. On June 5, 1962, Eva conveyed her interest in the house to Thomas for $2,000.

The children lived with Eva, except for 3 weeks during the summer of 1961 when their father took them on a vacation for 1 week around Gettysburg, Pa., and 2 weeks on a fishing trip through Canada. The children also spent most Sundays and some holidays with their father during the years 1961 and 1962.

Eva and Thomas had secured certain mortgage loans on their McKeesport house prior to January 6, 1961. During the year 1961 the total payment required under the various mortgages was $108.63 per month. On December 30, 1960, Thomas paid the payment due for the month of January 1961. Thomas also paid one of the mortgage payments for the month of April 1961 in the amount of $62. Eva paid all the other mortgage payments due for 1961 making a total payment of $1,132.93 composed of $620.98 principal, $336.75 interest, and $175.20 taxes. During the year 1962, the payments required under the various loans totaled $117.63 per month. Eva made the payments in this amount for the months of January through April 1962, making a total amount of $470.52 composed of $242.90 principal, $121.54 interest, and $106.08 taxes. During the year 1962, Thomas made the payments for May and June totaling $235.26.

In June 1962 Eva and the two children moved into an apartment which rented for $80 a month, exclusive of utilities. Eva paid the monthly rent for the months of July through December, for a total of $480 and on December 31, 1962, paid the monthly rent for January 1963 of $80.

The total support, exclusive of lodging, for the two children during the year 1961 was $2,700, of which Thomas furnished $1,375 and Eva furnished $1,325. The total support of the two children in 1962, exclusive of lodging, was $2,800, of which Thomas furnished $1,300 and Eva furnished the remaining $1,500. Eva also furnished value of lodging for the children in 1962 to the extent of $320 other than the lodging in the house in McKeesport which she and Thomas owned jointly until June 5, 1962.

When Thomas left the house in which he, Eva, and the children had been residing on January 6, 1961, no agreement was reached as to any arrangements with respect to the use or disposition of the house. A court decree sometime prior to the divorce decree set payments which Thomas was to make through the court to Eva for support of the children but made no provision as to use or occupancy of the house, and the divorce decree made no provision for the occupancy or disposition of the jointly owned house in which Eva and the children were living.

The fair rental value of the house which Eva and Thomas jointly owned in McKeesport was $100 per month.

Eva and Thomas each claimed on their individual income tax returns for each of the years 1961 and 1962 exemptions for each of their children, and respondent denied both exemptions to each of petitioners for each of the years 1961 and 1962. Respondent at the time of the trial and on brief recognizes that one of petitioners is entitled to the dependency exemptions for each of the years here involved.

OPINION

As all parties recognize, the question of which petitioner is entitled to the claimed dependency exemptions for the two children depends on which petitioner furnished over one-half of the children's support in the year involved.

From the detailed testimony at the trial and using the estimates made by Eva adjusted by consideration of the testimony of Thomas as to certain expenditures he made for the children including those made in 1961 when he took the children on vacation trips, we have determined that the total support of the two children exclusive of lodging, was $2,700 in 1961, of which Thomas paid more than one-half, and was $2,800 in 1962, of which Eva paid more than one-half. For the year 1962, Eva also furnished the lodging for the last 6 months of the year with a total value of $320.

The question therefore resolves itself to which of petitioners or in what proportion did the petitioners furnish lodging to the two children while they lived with Eva in the house which was owned jointly by Eva and Thomas. Eva takes the position that since she made most of the mortgage payments, she furnished the lodging in both of the years for the two children. Thomas takes the position that the amounts paid on the mortgage by each of petitioners should be considered as allocable two-thirds to the support of the children in each year. Respondent takes the position that since the property was jointly owned, each of petitioners should be considered as contributing one-half of the lodging furnished to the children when they lived in the jointly owned house.

In *Emile Blarek*, 23 T.C. 1037 (1955), we held that the fair rental value of lodging furnished to a dependent and not the payments made

with respect to the property in which the lodging was furnished was the measure of the amount of support furnished by the owner of the property to the dependent. In *William C. Haynes*, 23 T.C. 1046 (1955), we followed our holding in *Emile Blarek, supra*. In *Delbert D. Bruner*, 39 T.C. 534 (1962), we held that where the divorce decree awarded possession of a jointly owned residence to the wife as her part of the community property, the decree in effect imposed a trust on the property for the use and benefit of the wife. We pointed out that the wife "exchanged her share in all the undivided community property for certain specific items of property and the right to use and possession of the house for the time limits set by the divorce court." We concluded that the wife had furnished the lodging as support for her dependent child who lived with her in the house, use of which had been awarded to her by the divorce decree. The instant case differs from *Delbert D. Bruner, supra*, in that here no provision was made at the time of separation or in the divorce decree for the use or occupancy of the jointly owned house.

In *Neely B. Taylor, Jr.*, 45 T.C. 120 (1965), which involved the issue of whether mortgage payments made by the taxpayer with respect to a house owned jointly with his former wife constituted alimony payments to his former wife, we discussed the general property rights in jointly owned property stating:

In the usual situation, where there is coownership of property, such as involved herein, the husband and wife are personally liable on the mortgage loan. Each payment by one party *pro tanto* discharges the legal obligation of the other party to the lender. Under local law each party is generally entitled to a contribution of one-half of any mortgage payment from the other. 2 Tiffany, Law of Real Property, sec. 460 (3d ed. 1939). In such circumstances, an agreement and decree imposing the obligation for the entire mortgage payments on the husband cuts off the husband's right of contribution which would otherwise arise each time a payment was made. As a result, each payment by the husband appears to confer a current benefit upon the wife by discharging *pro tanto* her legal obligation to the lender, and relieving her of her obligation to contribute.

Even in the absence of personal liability, a right of contribution by one coowner against the other may exist, albeit enforceable only against the latter's interest in the property itself. Tiffany, *supra*. Here, too, an agreement and decree such as are involved herein effectively cut off the husband's right of contribution. Moreover, although no legal obligation of the wife is discharged by a mortgage payment, a current benefit is conferred upon her through decreasing the amount of encumbrance against the property which she would have to discharge to protect her interest in the event that she became the sole owner, e.g., in the event of the husband's death. Cf. *Hyde* v. *Commissioner, supra*. [301 F. 2d 279 (C.A. 2, 1962).]

In the instant case we do not know the situation with respect to the personal liability of either party on the mortgage but we do know that when Eva transferred her interest to Thomas on June 5, 1962, she was

paid $2,000. Absent evidence to the contrary, the logical conclusion is that each of the parties would be entitled to a contribution of one-half of any of the mortgage payments made by the other, so that the mortgage payments as such should not be considered in determining who furnished lodging as an item of support to the children. In fact, it may be that the $2,000 paid to Eva when she conveyed her interest in the house to Thomas took into consideration the amount of the mortgage payments which she had made. The record is silent as to the method used to arrive at the amount of $2,000. Also, it is logical to conclude that Eva and Thomas each had the right of use and possession of the jointly owned property. It would follow from this conclusion that each was permitting the children to live in the house under this right of use and possession and that each should be considered as furnishing one-half of the lodging to the children in the year 1961, and for the period of January through June 5, 1962.

We therefore conclude that Thomas furnished over one-half of the support of the two children in the year 1961 and Eva furnished over one-half of their support in the year 1962, and hold that Thomas is entitled to the dependency exemptions for each of the two children in 1961, and Eva,is entitled to the dependency exemptions for each of the two children in 1962.

*Decisions will be entered under Rule 50.*