Robert H. Martin v. Commissioner.
Martin v. Commissioner
Docket No. 194-66.
United States Tax Court
T.C. Memo 1967-61; 1967 Tax Ct. Memo LEXIS 198; 26 T.C.M. (CCH) 325; T.C.M. (RIA) 67061; March 31, 1967
Edward M. Ginsburg, One State St., Boston, Mass., for the petitioner. Joel Gerber, for the respondent. TANNENWALD
Memorandum Opinion TANNENWALD, Judge: Respondent determined deficiencies in petitioner's Federal income tax for the years 1962 and 1963 in the amounts of $455.38 and $517.52, respectively. At the time of the filing of the petition herein, petitioner had his legal residence in Watertown, Massachusetts. He was divorced in 1961 from his former wife, Janet M. Martin (hereinafter referred to as "Janet"). It appears that respondent determined that only $700 of the $780 deducted by petitioner as alimony in 1962 *199 was properly allowable. At the trial, Janet testified that she received $765 in 1962 from petitioner as alimony, and her 1962 return, received in evidence with her consent, showed such amount as a separate item of income. Apparently, the divorce decree was amended early in 1963 to make all of petitioner's payments to Janet for child support. Although the record was kept open for 30 days to afford petitioner an opportunity to submit a copy of the original decree and any amendments thereto, no such submission has been made. Under all these circumstances, we hold that petitioner is entitled to a deduction for alimony of $765 in 1962; no issue as to a deduction for alimony is involved for 1963. Petitioner and Janet had three children: Robert, born in 1956; Wayne, born in 1958; and Stephen, born in 1959. During the years in issue all three children lived with Janet. The main issue involves whether petitioner is entitled to dependency exemption under section 151 [1] for his children for the taxable years 1962 and 1963. In order for petitioner to be entitled thereto, section 152 requires that he have furnished over half of their support for each of the years in issue. Petitioner has the *200 burden of proving that he in fact did furnish over one-half their support. Bernard C. Rivers, 33 T.C. 935 (1960). Until January 1963, petitioner and Janet owned a duplex apartment building in one-half of which Janet lived with the three children during 1962. The fair rental value of that apartment was $125 per month. Petitioner paid $2,000 to Janet in 1962. Of this amount, $765 was alimony. We find that the balance of $1,235 was for support of the three children. In addition, we find that petitioner in 1962 spent, by way of such support, $36 for health insurance and $105 for clothing, gifts, and miscellaneous items. Petitioner spent $228 for a freezer and $300 in payments for appliances, all located in the house occupied by Janet and the children. It is more than likely that a substantial part of these payments represented the purchase price and consequently an ownership interest of petitioner. However, despite the absence of any proof on this score or as to the fair rental value of such items, and giving petitioner the benefit of the doubt, we will assume that these amounts in fact represented such *201 rental value. However, Janet used these items, as [did] the three children. Without the benefit of direct evidence that their use was unequal, we will assume that three-quarters thereof, or $396, was for support of the children. [2]
With respect to the rental value of the house occupied by Janet and the three children, petitioner does not suggest that he and Janet, as co-owners, made unequal contributions to the child support element. Nor do we think that Janet's share should be allocated entirely to her support as might be the case where a dependent contributes cash to the general support pot. Eva L. Lindberg, 46 T.C. 243 (1966); cf. Estela De La Garza, 46 T.C. 446, on appeal (C.A. 5, Sept. 15, 1966). We also disregard petitioner's testimony that he made payments on the mortgage and of taxes with respect to the house. Janet testified that petitioner did not make such payments after March 1962. The record was held open for 30 days after trial to enable petitioner to furnish additional evidence as to the payments that were actually *202 made, but petitioner did not submit anything further. In any event, the measure is the fair rental value (as to which we have concrete evidence that it $125was per month) and not payments to protect or increase an ownership interest. Cf. Neely B. Taylor, Jr., 45 T.C. 120 (1965). Since petitioner and Janet contributed equally to the rental value, we ignore this element in determining the amount expended by each for the support of the children. In 1962, the following amounts were expended for the support of Janet and the children: Payments to Janet by petitioner
$2,000.00
Earned income of Janet
2,233.94
Gifts recelved by Janet
900.00
Support for children by petitioner
for insurance, clothing, etc
141.00
By petitioner for freezer and appli-
ances
528.00
$5,802.94
Again applying an equal allocation formula, three-fourths thereof or $4,352.20 was expended for the support of the children and $1,450.74 for the support of Janet. We charge against Janet's support figure the $765 received as alimony and one-quarter of the amounts (or $132) expended by way of payments for the freezer and appliances. Cf. Estela De La Garza, supra. This *203 leaves a balance of $553.74 which we charge against the $3,133.94 which Janet contributed to the total pot. Thus, of this latter amount, we find that Janet contributed $2,580.20 to the support of the three children. In contrast, petitioner contributed the following to the support of the three children: Direct payments to Janet ($2,000 less $765 alimony)
$1,235
For insurance, clothing, etc
141
For freezer and appliances (3/4 X $528)
396
$1,772
Comparing Janet's contribution of $2,580.20 with petitioner's contribution of $1,772, it is obvious that petitioner has not satisfied the statutory requirement. Hence, we hold that he is not entitled to the dependency deductions for 1962. We note that the foregoing calculations give petitioner no credit for amounts which he claims he paid for utilities - namely, $296, of which threefourths, or $222, would be attributable to the support of the children. Even if we give petitioner credit for this amount, he would still not meet the statutory requirement. The same is true if we consider that one-fourth of the rental value of the house, or $375, was chargeable to Janet's share and that she contributed only $375 of such *204 value to the support of the children, while petitioner contributed $750. This would increase the total amount expended for the support of the children to $5,699.20, ($4,352.20 plus $222.00 plus $1,125), one-half of which is $2,849.60. Petitioner under the most favorable assumptions would be deemed to have contributed $1,772 phus $222, plus $750, or $2,744, still less than one-half. In January 1963, the jointly owned house was sold and the net proceeds put in trust for the children. The record does not show how much the children received from this source or whether it was expended for their support. Petitioner continued the payments on the freezer and the appliances in 1963. Petitioner paid Janet $2,215 in 1963, of which we find that $120 was alimony for the period prior to the modification of the decree. [3] In addition, he expended $75 on the children by way of gifts, etc. No health insurance was in effect with respect to the children in 1963. In 1963, the following amounts were expended for the support of Janet and the children: Payments to Janet by petitioner
$2,215.00
Earned income of Janet
4,110.44
Gifts received by Janet
140.00
By petitioner as gifts to children
75.00
By petitioner for freezer and appli-
ances
528.00
$7,068.44
*205 Again using an equal allocation formula, three-fourths of this amount, or $5,301.33, was expended for the support of the children and $1,767.11 for the support of Janet. We charge against Janet's support the $120 received as alimony and $132 representing one-fourth of the freezer and appliance payments. This leaves a balance of $1,515.11 which we charge against the $4,250.44 which Janet contributed to the total pot. Thus, of this later amount, we find that Janet contributed $2,735.33 to the support of the three children. In contrast, petitioner contributed the following to the support of the children: Direct payments to Janet ($2,215 less $120 alimony)
$2,095
Gifts to children
75
Freezer and appliance payments (3/4 X $528)
396
$2,566
Comparing Janet's contribution of $2,735.33 with petitioner's contribution of $2,566, it is obvious that petitioner has again not satisfied the statutory requirement. Hence, we hold that he is not entitled to the dependency deduction for 1963. [4]
At the trial, petitioner conceded that he realized additional income from the sale of real estate as determined by respondent. *206 In order to reflect the adjustments herein, Decision will be entered under Rule 50. Footnotes
1. All references are to the Internal Revenue Code of 1954.↩
2. There is no basis in the record for allocating any amounts for the support of the three children to any particular child.↩
3. Petitioner took the standard deduction in 1963 so that an allowance of this amount as an alimony deduction will not benefit him.↩
4. In 1963, Janet paid the utility bills.↩