Floyd W. **WOOD**, Plaintiff,

v.

**UNITED STATES** of America, Defendant.

Civ. No. 67–216.

United States District Court
D. Oregon.

April 12, 1968.

Joyle C. Dahl, Duffy, Stout, Georgeson & Dahl, Portland, Or., for plaintiff.

Sidney I. Lezak, U. S. Atty., Portland, Ore., Edward O. C. Ord, Atty., Dept. of Justice, Washington, D. C., for defendant.

BELLONI, District Judge.

On March 26, 1962, the plaintiff was divorced from his wife, Betty Jean Wood, by decree of the Circuit Court in Marion County, Oregon. A property settlement agreement was incorporated into the decree. The pertinent provisions of the agreement stated:

"1. That the party of the first part (Betty Jean) shall have and be entitled to the care, custody and control of the minor children of the parties hereto, namely, Dennis William and James Douglas * *. *

"2. That the party of the second part (Floyd) shall pay to the party of the first part the sum of $70.00 per month per child during the pendency of this suit and $70.00 per month per child thereafter for the support, care and maintenance of said minor children * * * However, it is understood that the payment of $70.00 per month per child shall be increased to $100.00 per month per child as soon as the real property is sold.

\* \* \* \* \* \*

"7. It is agreed by and between the parties that they will list the family home, known as 329 Greenacres Lane, Albany, Oregon, which is held as tenants by the entirety, with a reputable realtor for sale not later than May, 1962 * * * Pending the sale of said property the First Party shall have exclusive occupancy of said home * * Pending the sale Second Party shall pay all payments due upon the mortgage against said premises and so long as said mortgage payments are being made child support payments shall remain at Seventy and no/100 Dollars ($70.00) per month per child."

The real property in Paragraph 2 refers to the family residence, which remained unsold until 1966. Plaintiff made all mortgage payments up to that time and the child support payments remained at $70.00 per month per child.

In filing his federal individual income tax return for the year 1963, plaintiff claimed dependency exemption deductions for Dennis and James. These exemptions were disallowed by the Internal Revenue Service to plaintiff, but were allowed to his former spouse, who had also claimed them on her return. After a claim for refund was filed and denied plaintiff, this suit was instituted against the government for the refund.

It is recognized by the parties that the question of whether plaintiff or his former wife, Betty Jean, is entitled to qualify for the dependency exemption allowed under § 151, Internal Revenue Code of 1954, depends upon who furnished over one-half of the children's support in 1963. It is also acknowledged that, in this case, the question will turn on whether Betty Jean or plaintiff is enti-

tled to be credited with providing support in the form of lodging.

The plaintiff's argument is that the decree required him to pay $70.00 per month per child in cash, and to make all mortgage payments on the home until it was sold. After the home was sold, the direct cash payments to Betty Jean were to be increased to $100.00 per month per child because Betty Jean would then become obligated to directly provide shelter for the children. He argues, therefore, that he should be credited by the government with $30.00 per month per child as his contribution to their lodging.

Plaintiff met all the obligations of the decree during 1963, and if he is entitled to such credit, he furnished over one-half of the children's support.

The defendant argues that since the property agreement specifically states that Betty Jean was given exclusive occupancy of the residence, she is entitled to be credited with furnishing lodging to the dependent children.

■ The defendant's contention is correct. It is not the amount paid in mortgage payments that is determinative of lodging support, but rather who actually furnished the residence at its fair rental value. Blarek v. Commissioner, 23 T.C. 1037 (1955); Haynes v. Commissioner, 23 T.C. 1046 (1955). Nor does lodging support depend on the respective legal rights owned in the residence. Bruner v. Commissioner, 39 T.C. 534, 537 (1962).

■ In deciding which party is entitled to be credited with furnishing the residence in which minor dependent children are living, the factor to consider is which party had the right to use and possession of that residence. Lindberg v. Commissioner, 46 T.C. 243, 247 (1966).

■ Although the plaintiff made all the mortgage payments during the year 1963, and continued to share legal title in the residence, he gave to Betty Jean alone, by clear wording of the property agreement, exclusive occupancy of the former family residence. She alone, as between the two parties, had all rights to possession and use of the home. Therefore, Betty Jean and not the plaintiff furnished the lodging to the dependent children during the year of 1963.

Without credit for the child support in the form of lodging, the plaintiff has failed to prove that he provided over one-half of the support for Dennis and James for the year 1963. Thus, he is not entitled to qualify for the dependency exemption allowed under § 151, Internal Revenue Code of 1954.

This opinion shall serve as findings of fact and conclusions of law in accordance with Rule 52(a), Fed.R.Civ.P.