**Walter GILLIAM and Virginia A. Gilliam, Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

**No. 14162.**

United States Court of Appeals, Fourth Circuit.

Argued June 1, 1970.

Decided July 9, 1970.

---

Peter B. Turney, Baltimore, Md., on the brief for appellants.

Johnnie M. Walters, Asst. Atty. Gen., Lee A. Jackson, Gilbert E. Andrews, and Michael L. Paup, Attys., Dept. of Justice, Washington, D. C., on the brief for appellee.

Before BRYAN and CRAVEN, Circuit Judges, and LEWIS, District Judge.

PER CURIAM:

The question of who in 1964 paid more than half of the support of Walter Gilliam's four children by his first wife, Ruth, arose for consideration in the following way. In filing their joint 1964 return, Walter and his *second* wife, Virginia, asserted exemptions for the children under sections 151(e) and 152 of the Internal Revenue Code of 1954. The Commissioner disallowed the claim and Walter and Virginia petitioned the Tax Court for its restoration. On denial of relief, September 24, 1969, this appeal followed.

The facts are undisputed. As part of a separation agreement, later incorporated into the divorce decree, Ruth was to have custody of the children. Walter was to make "support" payments of $175 per month—part of which was to be applied to the mortgage on the house, owned jointly by the husband and wife, where Ruth and the children lived, and the remainder of which was to be for the sustenance of the children. The Tax Court found that the mortgage payments on the house for the year amounted to $1200 and the direct support payments $900.

In determining who was entitled to the deduction, Judge Kern refused to consider the mortgage payments. He stated:

"Since the house was owned by Walter and Ruth as joint tenants, each is considered to have furnished one-half of the fair rental value of the lodgings therein of the children regardless of who was making the mortgage payments." T.C. Memo. 1969–188.

We see no reason to disturb the determination that the mortgage payments were properly excluded from the calculation. See Lindberg v. Commissioner of Internal Revenue, 46 T.C. 243, 247 (1966). No matter that these payments were labelled "support" in the separation agreement and decree, the value of the commonly held lodgings must be considered as equally shared.

With this deletion of Walter's claim as contributing the whole of the mortgage payments, concededly it cannot be said that he supplied "over half of the [children's] support". Consequently, it is clear that Walter and Virginia were not entitled to the exemptions and were correctly adjudged deficient on their 1964 return in the amount of $564.

Affirmed.