**Daniel T. KLOFTA, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. C 69–136.

United States District Court,
N. D. Ohio, W. D.
Sept. 15, 1970.

Daniel T. Klofta, in pro. per.

Peter M. Handwork, Asst. U. S. Atty., Toledo, Ohio, for defendant.

## OPINION

DON J. YOUNG, District Judge.

This cause came to be heard on defendant's motion for summary judgment. This is an action for the recovery of federal income taxes in the amount of $911.51, plus statutory interest, with respect to the taxable years 1964 and 1965 based on the alleged wrongful disallowance by the District Director of Internal Revenue of the three dependency exemptions claimed by plaintiff for his three minor children on his individual federal income tax returns of the years 1964 and 1965.

The sole question before the Court is whether the three minor children of the plaintiff received over half of their support from the plaintiff during the calendar years 1964 and 1965, and thus were his dependents for said taxable years, and therefore the plaintiff is lawfully entitled to claim dependency exemptions for his children.

The controlling sections of the Code are 26 U.S.C.A. §§ 151, 152 (1954). Section 152 defines a dependent as:

(a) *General definition.*—For purposes of this subtitle, the term 'dependent' means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer  *  *  *

(1) A son or daughter of the taxpayer, or a descendant of either,  *  *.

In determining whether an individual, for a given calendar year has received over half of his support from the taxpayer, the amount of support received from the taxpayer must be compared to the entire amount of support which the individual has received from all sources. The furnishing of lodging constitutes support, and in evaluating the amount of support furnished by the lodging, it is necessary to determine the fair market value of the support furnished. 26 C.F.R. § 1.152–1 (1969).

The Court is bound by all conclusions of fact determined by Internal Revenue which are supported by the substantial evidence on the record as a whole. The conclusion of fact that the three minor children of the plaintiff did not receive over half of their support from plaintiff is supported by the substantial evidence on the record as a whole.

The underlying question which this opinion turns on is whether plaintiff is entitled to claim the fair rental value of the residence located at 4905 Argonne Place, as support furnished to the three minor children. It is uncontroverted that during the years 1964 and

1965, Daniel Klofta had not lived there since the entry of the divorce decree. The courts have adopted the principle that the party who had the "right to use and possession" of the residence is entitled to be credited with furnishing the residence, in which the minor children are living, in terms of support. Lindberg v. Commissioner, 46 T.C. 243, 247 (1966).

The divorce decree between the parties, dated September 30, 1959 and entered September 30, 1959, ordered plaintiff to convey the real estate in question to his former wife as alimony. A quitclaim deed, dated September 12, 1959, and recorded February 9, 1960, conveys this property from plaintiff to his said former wife.

. Although the plaintiff claims that the divorce decree violates in many respects the provisions of an oral settlement agreement between him and his wife, and that the quitclaim deed is invalid, since it was never properly executed and delivered by him, even assuming that plaintiff could properly show these matters in evidence, it would avail him nothing in this action, for according to him, his former wife was the lessee of the real estate, and was to pay him a fixed rental therefor. Hence, even according to the plaintiff's own statement, his former wife had the "right to use and possession" of the property.

Thus under the undisputed facts Donna Klofta, and not Daniel Klofta, is entitled to be credited with the lodging support for the minor children.

Therefore, the Court concludes that there is substantial evidence on the record as a whole to support the conclusion reached by the District Director of the Internal Revenue that the plaintiff did not furnish the three minor children with over half of their support for the taxable years in question. Accordingly, the denial of dependency exemptions was proper. Thus, the defendant's motion for summary judgment is granted. An order will be entered in accordance with this opinion.