118 N.J. Super. 327 (1972)
287 A.2d 464
HELGA H. SANDERS, PLAINTIFF,
v.
NATHAN SANDERS, DEFENDANT-COUNTERCLAIMANT.
Superior Court of New Jersey, Chancery Division.
Decided February 10, 1972.
*328 Messrs. Ferro, Lamb & Kern, attorneys for plaintiff. Mr. Albert E. Ferro, of counsel.
Messrs. Lucianna & Sandow, attorneys for defendant-counterclaimant (Mr. Sidney A. Sandow, of counsel).
O'DEA, J.S.C. (temporarily assigned).
This is a supplemental hearing for determination of disposition of the matrimonial residence known as 159 Shepis Avenue, Saddle Brook, New Jersey, following a final hearing and final judgment of absolute divorce on the counterclaim of defendant husband against his plaintiff wife on the ground of her desertion.
The parties were married August 1, 1956, one month after she had come to this country with her daughter by a prior marriage. One month after the marriage he purchased the marital abode at the above address with his savings of $8,000 and a purchase money mortgage. Title was taken in both names as tenants by the entirety and she joined in the purchase money bond and mortgage. She made no contribution or advance to the transaction at the time of acquisition or since. He has since made all payments for taxes, mortgage amortization, interest and insurance. She served the premises in the role of housekeeper and the usual chores of that occupation.
No children were born of the marriage but he brought her daughter to this country and supported both her and his wife until the marriage of the daughter and desertion by the wife.
She refused to live with him as husband and wife approximately five or six years after their marriage and thereafter refused to have sexual relations with him or provide any of her wifely duties until May 1969, when she left the matrimonial residence and has ever since refused to return.
*329 She is presently 47 years of age and planning remarriage. He is 67 years of age, a retired merchant seaman on social security earnings under $1,600 pursuant to the federal Social Security Law. His eyesight is affected by the onset of blindness which will require cataract operations, and he is suffering other disabilities of the ageing process. In summary of their physical condition, living and earning abilities, she is young enough to make a better way for herself and he is incapacitated by age and limited in what he can do to provide for himself in his terminal years.
In the marriage process he invested all his reserves and earnings to provide a home for himself and his wife and her then dependent daughter. She deserted him and abandoned the marital home he provided and maintained for them by stripping himself of financial reserves to provide for himself independently of her in his old age.
She now asserts a claim to one-half the marital abode by operation of the old law converting a tenancy by the entirety to a tenancy in common on termination of the marriage by decree of divorce, Buttlar v. Buttlar, 67 N.J. Eq. 136 (Ch. 1904), with the right to partition and sale to liquidate her undivided one-half interest therein. Ross v. Ross, 35 N.J. Super. 242 (Ch. Div. 1955); N.J.S.A. 2A:56-1.
We find that taking into consideration all the facts and circumstances of this case  the equities of the parties, the course of conduct of the parties on acquisition, support and maintenance of the marital abode over the years, the age, health and infirmities of the parties, her abandonment of the marital abode and the marital status (and indeed the marriage, which was the only reason for her enjoying an interest in the title to the premises)  such rigorous relief as sought and provided under the old law of distribution of marital property upon divorce would, in this case, be inequitable, unjust and unconscionable. It would cause an old man who has dutifully in good faith provided a home for himself and his wife, his family, to lose his home to a much *330 younger woman who has fled the marital abode, abandoned the marriage and now seeks to liquidate her legal interest at his expense. At his age and with his infirmities and limited income, he would be unable to refinance his home to protect his interest on partition sale, or to purchase her interest or another home. Such an action under the circumstances of this case violates the whole concept of tenancy by the entirety as a protection of the parties to a marriage as security to both spouses during coverture of marital assets that were the work product of their marital economic life and the additional security to the surviving spouse upon the termination of their union by death of the other.
Under the new Divorce Act, L. 1971, c.c. 212 and 217, N.J.S.A. 2A:34-1 et seq., adopted June 14, 1971 and effective since September 13, 1971, the law of marriage, divorce and distribution of marital property has been reformed and modernized. The inequities of the rigors of the old law and concepts of marriage have been eliminated. In particular, and applicable in this case, N.J.S.A. 2A:34-23 provides:
In all actions where a judgment of divorce, or divorce from bed and board is entered the court may make such award or awards to the parties, in addition to alimony and maintenance, to effectuate an equitable distribution of the property, both real and personal which was legally and beneficially acquired by them or either of them during marriage. [Emphasis added]
While we find no reported cases in New Jersey construing or interpreting the full meaning or guiding the administration of this five-month old provision, we have had the advantage of published articles, Tischler "Distribution of Property Upon Divorce," 94 N.J.L.J. 1109., lectures (N.J. Judicial Seminar, September 1971), and decisions of the courts of other states with similar statutory provisions for distribution of marital property on divorce.
In Wisconsin a similar statute provides, "and the court may finally divide and distribute the estate both real and personal, of the husband and so much of the estate of the *331 wife as shall have been derived from the husband * * *." In Hartman v. Hartman, 253 Wis. 389, 34 N.W.2d 137 (Sup. Ct. 1948), the court held in construing this statute:
The theory of our divorce statutes is to provide for an equitable division of the property of the parties, including such property of the wife as shall have been derived either mediately or immediately from the husband. The property may be the property of the wife and yet be derived from the husband so as to bring it within the operation of the statute. The estate which may be derived from the husband clearly includes property the title to which is in the wife.
In Swanson v. Swanson, 243 Minn. 516, 68 N.W.2d 418 (Sup. Ct. 1955), the court construed the Minnesota statute providing for "just and equitable * * * disposition of the property acquired by the parties during coverture * * * taking into consideration all the facts and circumstances of the case," to permit the court to award the marital homestead to plaintiff though it had been acquired by defendant during coverture and he paid the entire consideration therefore. The court held:
In view of plaintiff's physical condition and limited earning capacity, and all the other facts and circumstances presented in this case we can find no abuse of discretion in the trial court's award of the homestead to the plaintiff free and clear of all claims of defendant.
We therefore find, under the circumstances of this case, that it would be inequitable, unjust and unconscionable to distribute or award any interest in the marital abode to the wife where it was acquired and maintained solely and exclusively from the earnings and life savings of the husband for the home and security of his wife and himself, his family, where she the younger and abler of the married parties abandoned the home, the marriage and her aging partner, disabled and incapacitated in the aging process, retired on the limited income of Social Security to maintain himself alone and without her aid, comfort and companionship in his old age.
*332 We therefore effectuate an equitable distribution of the property, the marital abode, by divesting Helga H. Sanders of all right, title and interest, claim or claims in and to the premises known as 159 Shepis Avenue, Saddle Brook Township, and vesting title in fee simple therein in Nathan Sanders, free and clear of any and all claims of Helga H. Sanders.
Upon entry and filing of the judgment provided herein, defendant Nathan Sanders shall execute and deliver to plaintiff Helga H. Sanders an indemnity agreement to indemnify and save her harmless from any liability under the purchase money bond and mortgage which she executed on the original acquisition of title.