JOHN C. O'CONNOR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
O'Connor v. Commissioner
Docket No. 6615-70.
United States Tax Court
T.C. Memo 1973-35; 1973 Tax Ct. Memo LEXIS 253; 32 T.C.M. (CCH) 156; T.C.M. (RIA) 73035; February 13, 1973, Filed John C. O'Connor, pro se. James J. Keightley, for the respondent. 2 TANNENWALD
MEMORANDUM OPINION TANNENWALD, Judge: Respondent determined the following deficiencies in petitioner's income tax: Year
Deficiency
1967
$412.50
1968
423.75
At issue is whether petitioner is entitled to dependency *254 exemptions for his four minor children, who were in the custody of his former wife. All of the facts have been stipulated and are found accordingly. Petitioner had his legal residence in Summit, New Jersey, at the time he filed his petition herein. He filed individual Federal income tax returns for the calendar years 1967 and 1968 with the district director of internal revenue, Newark, New Jersey. Petitioner and his former wife (hereinafter Elinor) were divorced on July 18, 1966, by order of a New Jersey court. In response to Elinor's complaint in the divorce action, petitioner counterclaimed for an interest in the house and lot which Elinor owned individually and which was occupied by petitioner, Elinor, and their four children as the family residence. Petitioner alleged that he had 3 provided all the consideration for the purchase of the property and that title to the property was placed in Elinor's name alone with the understanding that she would at some later time change the title to a tenancy by the entirety between herself and petitioner. The divorce action and accompanying counterclaim were fully contested by petitioner and Elinor. The trial court issued a *255 decree of divorce, awarded custody of the four children of the marriage to Elinor, and ordered petitioner to make periodic payments for the support of Elinor and the children. The court also decided the counterclaim in favor of Elinor, holding that she was the sole owner of the property, having acquired it as a gift from petitioner insofar as he had furnished the consideration for its purchase, and that petitioner had failed to prove the alleged agreement between himself and Elinor in regard to any subsequent transfer. The judgment of the trial court was affirmed per curiam by the intermediate appellate court. Petitioner's attempts to have the judgment further reviewed were denied by the Supreme Court of New 4 Jersey, O'Connor v. O'Connor, 53 N.J. 64, 247 A.2d 887 (1968), and the United States Supreme Court, O'Connor v. O'Connor, 390 U.S. 903 (1968). The children - all of whom were minors - lived with Elinor during 1967 and 1968 in the house which was the subject of the counterclaim. The fair rental value of that house was $1,020 per child for each of the two years. The total cost of support of each child in 1967 and 1968, not including the value *256 of lodging, was as follows: 1967
1968
Christine
$1,250.00
$1,349.15
Valerie
1,297.20
1,365.15
Amy
1,228.95
1,301.65
Christopher
1,700.20
1,686.99
Petitioner provided $3,484 for the support of his children in 1967, or $871 per child, and $4,224 in 1968, or $1,056 per child. A taxpayer is allowed an exemption for each of his children under the age of 19 and over half of whose support he has provided during the year. Sections 151(a) and (e) (1) (B) and 152(a) (1). [1] In 5 the case of children of divorced parents, the parent not having custody of the children is entitled to the exemptions if he provides at least $1,200 during the year for their support and the parent having custody does not clearly establish that (she) provided more for the support of the children during the year than did the parent not having custody. Section 152(e) (2) (B). Support includes the cost of lodging; when the taxpayer furnishes lodging, the amount of such element of support is considered to be the fair rental value of the property. Emil Blarek, 23 T.C. 1037 (1955); William C. Haynes, 23 T.C. 1046 (1955); section 1.152-1(a) (2) (i), Income *257 Tax Regs. See also Rev. Rul. 58-302, 1958-1 C.B. 62. Under the rules outlined above, petitioner is entitled to the dependency exemptions he claimed in 1967 and 1968 for his four children only if he, rather than Elinor, is to be credited with furnishing them with lodging during those years. [2] 6 Petitioner does not, as we understand his position, seek in this proceeding to relitigate the ownership of the property. In any event, we consider that the divorce court bespoke the applicable New Jersey law and that its judgment is conslusive of the fact that Elinor was *258 the sole owner of the house during the years in issue. See Commissioner v. Estate of Bosch, 387 U.S. 456 (1967). Petitioner argues that the rental value to be taken into account each year should be allocated in proportion to the cumulative investment in the premises by petitioner and Elinor, including payments on the mortgage. But such an economic test has long since been rejected and a standard established pursuant to which the credit for lodging furnished is given to the parent who has the right to the use and possession of the premises occupied by the children.[3]Gilliam v. Commissioner, 429 F.2d 570, 571 (C.A. 4, 1970), affirming A Memorandum Opinion of this Court; Wood v. United States, 287 F. Supp. 90, 92 (D. Ore. 1968); Eva L. Lindberg, 46 T.C. 2437 246-247 (1966). Ordinarily, the owner of the premises is the one who has the right to its use and possession and accordingly is credited with the value of the lodging. Klofta v. United States, 333 F. Supp. 781 (N.D. Ohio, 1970); Emil Blarek, supra, 23 T.C. at 1039; William C. Haynes, supra, 23 T.C. at 1046. Compare Gilliam v. Commissioner, supra, *259 and Eva L. Lindberg, supra, where the credit for lodging was divided when the property was jointly owned and no specific provision was made for any different right to use and possession, with Wood v. United States, supra, and Delbert D. Bruner, 39 T.C. 534 (1962), where the full credit was given to the parent entitled to the exclusive use and possession, although each parent had an ownership interest in the property. In this case, it is clear that Elinor was both the owner of and entitled to use and possession of the house. Consequently, she is the one who provided the lodging for the children during 1967 and 1968. It follows that petitioner did not provide more for their support during each of the two years than did Elinor and he is therefore not entitled to any dependency exemptions. Petitioner cites two recent New Jersey divorce cases involving distribution of the marital property, *260 8 Sanders v. Sanders, 118 N.J. Super. 327, 287 A.2d 464 (1972), and Painter v. Painter, 118 N.J. Super. 332, 287 A. 2d 467 (1972), presumably for the proposition that the counterclaim in his own divorce action would have been decided differently had the New Jersey Divorce Act (enacted in 1971) been in effect at the time of his divorce. Whether or not petitioner is correct in that supposition, it offers him no assistance in the instant case. The judgment of the divorce court applied the then applicable New Jersey law and determined the respective interests of petitioner and Elinor in the disputed property as of the years in issue, and it is upon that judgment as actually rendered that our decision herein must rest. [4]
Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended. ↩
2. In light of the stipulation of the parties, the question to be resolved herein is who is entitled as a matter of law to such credit and, consequently, the location of the burden of proof under section 152(e) (2) (B) is irrelevant. See Allen F. Labay, 55 T.C. 6 (1970), affirmed per curiam, 450 F.2d 280↩ (C.A. 5, 1971). In any event, even if respondent should be considered as having the burden of proof, we would hold that he has carried it by a clear preponderance of the evidence. 3. Under these circumstances, we find it unnecessary to determine the extent of the investment made by petitioner and his former wife, a matter which is the subject of a detailed analysis in petitioner's brief, but as to which the record herein is not clear. ↩
4. The 1971 Act was approved on June 14, 1971, and expressly provided that it should take effect "90 days after enactment." See note to N.J.S.A. 2A:34-1↩.