HAROLD ROBERT COLTMAN and JOY LYNN COLTMAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent HELEN COLTMAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Coltman v. Commissioner
Docket Nos. 5342-76, 5514-76.
United States Tax Court
T.C. Memo 1978-181; 1978 Tax Ct. Memo LEXIS 335; 37 T.C.M. (CCH) 779; T.C.M. (RIA) 780181; May 16, 1978, Filed *335 Entitlement to dependency exemptions for four children of divorced parents determined. Harold Robert Coltman, pro se. Ronald T. Murphy, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: In these consolidated cases respondent determined the following deficiencies: Docket No.
Petitioner
Year
Deficiency
5342-76
Harold Robert Coltman and
Joy Lynn Coltman
1972
$ 660
5514-76
Helen Coltman
1972
366
The issue presented for decision is which of the petitioners is entitled to claim on their 1972 Federal income tax returns exemption deductions under section 151 (e), I.R.C. 1954, [1] for their four children. Resolution is dependent upon which petitioner provided more for the support of the children pursuant to the tests set forth in section 152(e). FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts, together with the exhibits attached herein thereto, are incorporated herein by reference. Petitioners Harold and Joy Lynn Coltman *337 were married and resided in Rochester, Mich., at the time their petition was filed in docket No. 5342-76. Petitioner Helen Coltman resided at 435 Madison in Birmingham, Mich., at the time her petition was filed in docket No. 5514-76. Harold and Helen had been married to each other but obtained a divorce in June 1969. Under the terms of the divorce decree Helen was awarded custody of their four children. These children are Robert Coltman, born August 22, 1954; Ronald Coltman, born October 12, 1956; David Coltman, born November 23, 1958; and Timothy Coltman, born May 13, 1965. The divorce decree ordered Harold to pay Helen $12.50 per child per week in child support. The decree also ordered Harold to pay all medical bills incurred by or on behalf of his four children and to maintain health insurance for their benefit. The decree did not specify which of the parties was entitled to claim personal exemptions on their Federal income tax returns for the four children. Harold and Joy Lynn were married on March 3, 1972. Living with them after their marriage were Joy Lynn's son and daughter from her previous marriage. On their joint Federal income tax return for 1972, Harold and *338 Joy Lynn claimed as their dependents Robert, Ronald, David, and Timothy. Both Harold and Joy Lynn were employed and their combined income during 1972 was $18,674. Several of the checks offered by Harold as evidence of support payments made by him during 1972 were drawn on Harold and Joy Lynn's joint account and were signed by Joy Lynn. No effort was made by Harold to trace the source of the monies used to make payments for the support of his four sons. Helen claimed as her dependents Robert, David, and Timothy on her Federal income tax return for 1972. [2]
In February 1972 Helen commenced employment with Mathes Enterprises in Birmingham. Prior to that time she was employed by a bank. Her total wages earned during 1972 amounted to $4,830.43. She also obtained a $1,500 personal loan sometime during 1972 from Beneficial which she used *339 to pay household expenses. She estimated that she repaid $300 to $400 to Beneficial during 1972. During 1972 Harold paid $12.50 per week to Helen as support for Ronald, David, and Timothy or approximately $650 per child. He paid $12.50 per week to Helen as support for Robert until Robert's 18th birthday on August 22, 1972. During 1972 Helen and the four boys were living with Helen's mother, Alberta Stanley, in a house at 435 Madison, Birmingham, Mich. In 1972 the house was owned by Helen's five brothers and sisters and Helen as tenants in common. However, Helen's mother possessed a life estate in one-half of this property. Helen did not pay rent to her mother or her co-tenants. The fair rental value of the house in 1972 was approximately $350 per month. This estimate was made by a realtor in a letter written in 1975 in response to Helen's inquiry. The letter does not state whether the fair rental value includes utilities. Both Harold and Helen testified with respect to various items of support they provided for the children. Harold testified that he had supplied health insurance, medical and dental expenses, some clothing and food, vacation trips, and miscellaneous *340 items for each of the children. He supported some of his testimony with bills and checks in payment thereof, but his testimony with respect to other items was estimates based on his best recollection. Helen's testimony, except for the fair rental value of the house, was based almost entirely on her estimates of what she paid for food and utilities for the entire family, including her mother, herself, and the four boys, and what she paid for the boys for clothing, school, bus fares, vacations, and other miscellaneous items. Apparently, as might be expected, neither Harold nor Helen kept a running account of their expenditures for the support of the children. It would be impossible to determine with any degree of certainty on this record exactly how much either parent spent for support of each of the children during 1972. Doing the best we can on the evidence presented, we find the following ultimate facts with regard to the year 1972: 1. Harold provided more than $1,200 for the support of all of the children. 2. Harold provided more than one-half of the support of Robert, Ronald, and David. 3. Helen provided more than one-half of the support for Timothy. OPINION
*341 The issue in this case is which of the petitioners, Harold and Joy Lynn, or Helen, is entitled to exemptions under sections 151(e)(1) and 152(a)(1)[3] of the Code for the four children of the former marriage of Harold and Helen, being Robert, Ronald, David, and Timothy. Respondent acknowledges that one or the other sets of petitioners is entitled to an exemption for each child but not both, and that he is a stakeholder in this proceeding. *342 On their joint income tax return for 1972, Harold and Joy Lynn claimed exemptions for all four of the children, naming them by name. Respondent disallowed all four exemptions. In their petition to this Court, filed pro se, Harold and Joy Lynn alleged, in part, that: I claimed three of my children by a previous marriage as dependents for the year 1972. I have checks, receipts, etc. showing everything I paid in support for Robert, David and Timothy to show that I paid more than half of their support. My ex-wife does not have cancelled checks or receipts. * * * I know she did not pay, and therefore, I feel she is entitled to deduct only Timothy. * * * We interpret this rather inconsistent language to mean that petitioners were still claiming exemptions for three of the children, probably Robert, Ronald, and David, but conceded that Helen was entitled to an exemption for Timothy. For some unexplained reason, Helen claimed only three of the children as dependents on her income tax return for 1972, namely, Robert, David, and Timothy. Respondent disallowed all three of the exemptions claimed. In her handwritten letter that was filed as a petition in this Court Helen simply *343 indicated that she wished to protest the findings of respondent's agents. Since Harold and Joy Lynn appear no longer to be claiming Timothy as an exemption, and Helen has not claimed Ronald as an exemption, we feel justified in concluding without more that Harold and Joy Lynn are entitled to an exemption for Ronald and Helen is entitled to an exemption for Timothy. See Lally v. Commissioner,T.C. Memo. 1958-188.See also Prophit v. Commissioner,57 T.C. 507 (1972), affd. per curiam 470 F. 2d 1370 (5th Cir. 1973). In addition, however, we believe the relevant and material evidence can reasonably be interpreted to find that Harold and Joy Lynn provided more than one-half the support for Ronald, and that Helen provided more than one-half the support for Timothy, and we have so found in our findings of fact. Because Harold and Helen were divorced prior to the taxable year 1972, the answer to the issue herein lies in the provisions of section 152(e) of the Code as it read in 1972. [4] Essentially, in this case the the exemptions would be allowed to Helen as the custodial parent unless Harold as the noncustodial parent provided $1,200 or *344 more for the support of the four boys.If that is established, then Harold is entitled to the exemptions unless Helen clearly establishes that she provided more for the support of one or more of the boys than did Harold in 1972. *345 It is clear from the stipulation of facts that Harold paid $12.50 per week for the support of each of the boys during 1972 and that Harold provided more than $1,200 for their combined support in 1972. Therefore, the burden shifts to Helen to "clearly establish" that she provided more support for one or more of the boys during 1972 than did Harold. We have interpreted "clearly establish" as used in the statute to mean a showing by a clear preponderance of the evidence, i.e., "something more positive and explicit, as opposed to inferences to be drawn from ambiguous and equivocal proof * * *." However, the failure to substantiate expenses paid for support with cancelled checks or receipts or the reliance on estimates to establish amounts paid for support does not necessarily mean that the burden of proof has not been carried. Labay v. Commissioner,55 T.C. 6, 13 (1970), affd. per ciruam 450 F. 2d 280 (5th Cir. 1971); Pierce v. Commissioner,66 T.C. 840, 848-849 (1976). Under that test we have concluded that Helen has shown by a clear prepondernace of the evidence that we consider to be material and relevant that she provided more than *346 one-half of the support for Timothy during 1972, but that she failed to clearly establish that she provided more than one-half of the support for Robert, Ronald, and David during 1972. Thus, under the law, Helen is entitled to an exemption for Timothy, and Harold and Joy Lynn are entitled to exemptions for Robert, Ronald, and David for 1972. In reaching these conclusions, we have given consideration to the following factors, among others, which may answer some of the questions raised by petitioners. Amounts expended for the support of a child shall be treated as received from the noncustodial parent to the extent the noncustodial parent provided amounts for the support of the child (Harold's $12.50 per week per child), whether or not such amounts provided for the noncustodial parent are actually expended for child support. Sec. 1,152-4(d)(4), Income Tax Regs.
Since Helen was part owner of and she and her mother had the right to use the home wherein they and the four boys resided in 1972, and Harold owned no interest therein, Helen is entitled to include the fair rental value of the home in her support computation even though Harold may have contributed to payment of the property *347 taxes on the property. Cf. Wood v. United States,287 F. Supp. 90, 91 (D. Ore. 1968). Support provided by a parent and his or her new spouse may be combined in computing the total support provided by that parent, particularly where they file a joint return claiming exemptions for the children of the parent's former marriage. Colton v. Commissioner,56 T.C. 471 (1971); Rev. Rul. 73-175, 1973-1 C.B. 59. The term "support" is construed in section 1.152-1(a)(2)(i), Income Tax Regs., to include food, shelter, clothing, medical and dental care, education, and the like. The payments Helen made during 1972 to acquire a vacant lot do not fit into the meaning of support as amplified in the regulations. Decisions will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect in the years in issue, unless otherwise specified.↩
2. The record does not indicate why Helen claimed exemptions for only three of her sons. In Harold's petition, he refers to Robert, David, and Timothy but does not mention Ronald. Because testimony and documentary evidence was presented at trial concerning expenditures on Ronald's behalf during 1972, we will include him in our decision.↩
3. Sec. 151(e)(1) provides: (e) Additional Exemption for Dependents.-- (1) In general.--An exemption of $750 for each dependent (as defined in section 152)-- (A) whose gross income for the calendar year in which the taxable year of the taxpayer begins is less than $750, or (B) who is a child of the taxpayer and who (i) has not attained the age of 19 at the close of the calendar year in which the taxable year of the taxpayer begins, or (ii) is a student. Sec. 152 provides in pertinent part: (a) General Definition.--For purposes of this subtitle, the term "dependent" means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection * * * as received from the taxpayer): (1) A son or daughter of the taxpayer * * *.↩
4. Prior to its amendment in 1976, sec. 152(e) provided in pertinent part: (e) * * * (1) General rule.--If-- (A) a child (as defined in section 151(e)(3)) receives over half of his support during the calendar year from his parents who are divorced * * * under a decree of divorce * * * and (B) such child is in the custody of one or both of his parents for more than one-half of the calendar year, such child shall be treated, for purposes of subsection (a), as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year unless he is treated, under the provisions of paragraph (2), as having received over half of his support for such year from the other parent (referred to in this subsection as the parent not having custody). (2) Special rule.--The child of parents described in paragraph (1) shall be treated as having received over half of his support during the calendar year from the parent not having custody if-- * * *
(B)(i) the parent not having custody provides $1,200 or more for the support of such child (or if there is more than one such child, $1,200 or more for all of such children) for the calendar year, and (ii) the parent having custody of such child does not clearly establish that he provided more for the support of such child during the calendar year than the parent not having custody. For purposes of this paragraph, amounts expended for the support of a child or children shall be treated as received from the parent not having custody to the extent that such parent provided amounts for such support. Sec. 2139(a) of P.L. 94-455 amended Code sec. 152(e)↩ by substituting "each" for "all" in the third line of subparagraph (B)(i) above.