MARGARET H. PIERCE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; GLENN E. PIERCE, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Pierce v. Commissioner
Docket Nos. 9658-78, 10659-78.
United States Tax Court
T.C. Memo 1981-254; 1981 Tax Ct. Memo LEXIS 491; 41 T.C.M. (CCH) 1571; T.C.M. (RIA) 81254; May 26, 1981
Lawrence J. Glynn, for the petitioner in docket No. 9658-78. Glenn E. Pierce, Jr., pro se in docket No. 10659-78. Alan I. Appel, for the respondent. WILBUR
MEMORANDUM OPINION WILBUR, Judge: Respondent determined deficiencies in petitioners' Federal income taxes as follows: (1) for the taxable year 1975, respondent has determined a deficiency for petitioner Margaret H. Pierce of $ 1,188.98, and (2) for the taxable year 1975, respondent has determined a deficiency for petitioner Glenn E. Pierce, Jr., of $ 1,507.59. [1] We must decide which petitioner is entitled to the dependency exemptions under section 151(e)(1) [2] for their two children. All of the facts have been stipulated. The *493 stipulation of facts and the attached exhibits are incorporated herein by this reference. Margaret H. Pierce (hereinafter Margaret) was a resident of White Plains, New York at the time her petition in this case was filed. Glenn E. Pierce, Jr. (hereinafter Glenn) was a resident of Stamford, Connecticut at the time his petition in this case was filed. Margaret and Glenn were divorced on November 14, 1973. Pursuant to the divorce agreement, Margaret was given exclusive right to the use and possession of the former family residence. During 1975, the taxable year here in question, their two children, both under the age of 18, lived with Margaret. Exclusive of housing, Margaret provided a total of $ 1,220 in support to the two children during that year. Glenn, on the other hand, provided $ 4,420. The focal point of this dispute concerns the amount of additional support Margaret supplied by providing housing for the children. It is agreed that the fair rental value of the house is $ 7,200 per year. Margaret actually paid $ 2,772 in mortgage payments on the house for the calendar year 1975. The parties disagree over whether fair rental value or actual costs is the correct standard. *494 However they agree that two-thirds of the amount resulting from application of the proper standard is allocable to the support of the children. [3]
Margaret and Glenn each claimed dependency exemptions for both children on their 1975 Federal income tax returns. Conceiving his position to be that of stakeholder, respondent disallowed both claims for the dependency exemptions on the ground that neither had established having provided more than one-half of the children's support. The effect of these disallowances was to increase each taxpayer's income by $ 1,500 ($ 750 per exemption). Various other adjustments made by respondent in his statutory notice have been settled by the parties. Section 151(e), insofar as is relevant to the instant case, allows an exemption for each dependent who is a child of the taxpayer and who is under 19 years of age. "Dependent" is defined in section 152(a)(1) to include a son or daughter of the taxpayer who received (or is treated under *495 subsections (c) or (e) as having received) over half of his support for the year from the taxpayer. Section 152(e) provides a special support test to be used where children of divorced parents are involved. [4] Generally, where the child receives over half of his support from his divorced parents and is in the custody of one or both parents for more than one-half of the year, the parent who has custody for the greater portion of the year is deemed to have provided over one-half of the child's support and thus becomes entitled to the dependency exemption. Section 152(e)(1). However, an exception to this general rule is triggered where the noncustodial parent provides $ 1,200 or more for the support of all of the children. [5] In such a case, the non-custodial parent is presumed to have provided over half of the support, and thus becomes entitled to the dependency exemptions, unless it is clearly established that the custodial parent provided more support than the noncustodial parent. Section 152(e)(2)(B). Since Glenn provided more than $ 1,200 for the support of the children during 1975, he is entitled to the exemptions unless Margaret clearly establishes that she provided more *496 than $ 4,420 for the children's support. This in turn depends upon whether the fair rental value of the housing or the actual cost of providing the housing is the proper measure of support. *497 Most of the cases in this area focus upon two related issues; (1) whether the proper measure of support is the fair rental value of the premises or the actual costs of maintaining the place of abode and (2) what share each parent is to be given of whichever measure of support is adopted. As to the second issue, it is generally understood that the owner of the premises is to be credited with providing the support on the theory that he has exercised his ownership rights in permitting the children to reside in the home. Gilliam v. Commissioner, 429 F.2d 570 (4th Cir. 1970), affg. a Memorandum Opinion of this Court; Lindberg v. Commissioner, 46 T.C. 243 (1966); Blarek v. Commissioner, 23 T.C. 1037 (1955). Where, however, under the divorce decree one spouse is entitled to the use and benefit of the home, the question of legal ownership is no longer relevant. Instead, the person in whom the right of possession is vested, and who has exercised that right in favor of the children, is entitled to claim as support the contribution of the lodging. Bruner v. Commissioner, 39 T.C. 534 (1962). Since Margaret had the exclusive *498 right to the use and possession of the home pursuant to the divorce decree, Margaret is entitled to full credit for supplying lodging to the children. As to the first issue, and the one to which the parties have addressed their arguments, it is well settled that the proper measure of support is the fair rental value of the premises allocable to the children. Section 1.152-1(a)(2)(i), Income Tax Regs.; Pierce v. Commissioner, 66 T.C. 840, 849 (1976); Blarek v. Commissioner, supra; Haynes v. Commissioner, 23 T.C. 1046 (1955); Wood v. United States, 287 F. Supp. 90, 92 (D. Ore. 1968); cf. Hahn v. Commissioner, 22 T.C. 212 (1954); see also Teeling v. Commissioner, 42 T.C. 671, 683 (1964). Therefore, Margaret is entitled to include $ 4,800, the portion of the fair rental value of the house allocable to the children, in computing the amount of support she provided to the children. The result is that Margaret provided more support than Glenn, and is thus entitled to both dependency exemptions having successfully rebutted the statutory presumption which had arisen in Glenn's favor. *499 There is no merit to Glenn's contention that the rule announced in Blarek has not been followed by this Court. Nor do we preceive any reason to reconsider our holding there at this time. Although we realize that Glenn provided a great deal of his children's support, possession of the house was granted to Margaret and we cannot ignore her contribution to the children's welfare by allowing them to reside therein. Decision will be entered for the petitioner in docket No. 9658-78. Decision will be entered for the respondent in docket No. 10659-78. Footnotes
1. These cases were consolidated for trial, briefing and opinion. ↩
2. All section references are to the Internal Revenue Code of 1954, as in effect for the year here in issue, unless otherwise indicated.↩
3. As to fair rental value, $ 4,800 of the $ 7,200 would thus be allocable to the children. Alternatively, $ 1,848 out of the $ 2,772 in mortgage payments made by Margaret would be allocated to the children.↩
4. Sec. 152(e) provides in relevant part: (e) SUPPORT TEST IN CASE OF CHILD OF DIVORCED PARENTS, ET CETERA.-- (1) GENERAL RULE.--If-- (A) a child (as defined in section 151(e)(3)) receives over half of his support during the calendar year from his parents who are divorced or legally separated under a decree of divorce or separate maintenance, or who are separated under a written separation agreement, and (B) such child is in the custody of one or both of his parents for more than one-half of the calendar year, such child shall be treated, for purposes of subsection (a), as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year unless he is treated, under the provisions of paragraph (2), as having received over half of his support for such year from the other parent (referred to in this subsection as the parent not having custody). (2) SPECIAL RULE.--The child of parents described in paragraph (1) shall be treated as having received over half of his support during the calendar year from the parent not having custody if-- (A)(i) the decree of divorce or of separate maintenance, or a written agreement between the parents applicable to the taxable year beginning in such calendar year, provides that the parent not having custody shall be entitled to any deduction allowable under section 151 for such child, and (ii) such parent not having custody provides at least $ 600 for the support of such child during the calendar year, or (B)(i) the parent not having custody provides $ 1,200 or more for the support of such child (or if there is more than one such child, $ 1,200 or more for all of such children) for the calendar year, and (ii) the parent having custody of such child does not clearly establish that he provided more for the support of such child during the calendar year than the parent not having custody. For the purposes of this paragraph, amounts expended for the support of a child or children shall be treated as received from the parent not having custody to the extent that such parent provided amounts for such support. ↩
5. For taxable years beginning after October 4, 1976, section 152(e)(2)(B)(i) has been amended to require the noncustodial parent to provide $ 1,200 or more for the support of each↩ child. Tax Reform Act of 1976, Pub. L. 94-455, 90 Stat. 1520, 1932.