JACK A. FLACHNER AND JOANNE P. FLACHNER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Flachner v. Commissioner
Docket No. 4177-77.
United States Tax Court
T.C. Memo 1978-417; 1978 Tax Ct. Memo LEXIS 94; 37 T.C.M. (CCH) 1733; T.C.M. (RIA) 78417; October 18, 1978, Filed *94 In 1974 the husband-petitioner provided more than $ 1,200 for the support of his three children by a former marriage.His former wife provided more than he did for the support of the three children, including the fair rental value of lodging furnished by her. Held, petitioners are not entitled to a dependency exemption for any of the three children.Sec. 152(e), I.R.C. 1954. Jack A. Flachner, pro se. Alyce C. Halchak, for the respondent. CHABOT
MEMORANDUM OPINION CHABOT, Judge: Respondent determined a deficiency of $ 1,163.86 in petitioners' Federal income tax for the calendar year 1974. Since petitioners have conceded all the other adjustments, the only issue remaining for decision is whether petitioners are entitled to claim dependency exemptions under section 151(e) [1] in 1974 for three children from a previous marriage. The case was submitted on the pleadings and a stipulation of facts; the stipulation and the stipulated exhibits are incorporated herein by this reference. When the petition in this case was filed, petitioners, Jack *95 A. Flachner (hereinafter sometimes referred to as "Jack") and Joanne P. Flachner (hereinafter sometimes referred to as "Joanne"), husband and wife, resided in East Brunswick, New Jersey. Jack and his former wife, Roberta Flachner (hereinafter sometimes referred to as "Roberta"), were divorced on February 18, 1965. A Property Settlement Agreement dated January 15, 1965, gave custody of their three children, Rhoda Faye, Julie Lee, and Gerald Stuart, to Roberta. Under that Property Settlement Agreement, Jack agreed to pay Roberta $ 15 per week for each child in child support. [2] *96 The agreement contained no provision allocating the dependency exemptions for the three children. During 1974, Jack provided support payments for the three children in the total amount of $ 2,130. The total amounts spent for support of the children in 1974, excluding lodging, are shown in table 1. Table 1. Rhoda
Julie
Gerald
Total
Utilities $ 206.00 $ 206.00 $ 206.00 $ 618.00
Household Expenses
(e.g. carpeting,
painting)
262.50
262.50
262.50
787.50
Food
185.00
185.00
185.00
555.00
Clothing
331.60
331.60
331.60
994.80
Medical
221.00
155.00
35.00
411.00
Bicycle
121.30
121.30
Total
$ 1,206.10
$ 1,140.10
$ 1,141.40
$ 3,487.60
All three children lived with Roberta and her second husband during 1974 in a house owned by Roberta. The fair rental value of the home was $ 4,800 per year. The fair rental value of lodging furnished to each child by Roberta during 1974 was $ 960. Roberta paid property taxes and mortgage interest in maintaining the home during 1974 of $ 411 and $ 671, respectively, for a total of $ 1,082. Each child's allocable portion of that expense was $ 216.40.
All the support received by the three children was provided by *97 Jack and Roberta. Petitioners contend that, in determining whether Jack or Roberta provided more for the support of each child, the amount of lodging provided by Roberta should be measured by actual expenditures for interest and taxes on the home rather than fair rental value. Alternatively, petitioners argue that Jack's support payments should be considered as made for the support of one child, thereby entitling petitioners to at least one dependency exemption. Respondent contends that (1) the support provided in the form of lodging should be measured in terms of the fair rental value of the lodging, and (2) the support provided by Jack should be allocated equally among the three children. Respondent concludes that Roberta provided more of the support for each child than Jack did. We agree with respondent's conclusion. Section 151(e) provides, in relevant part, an "exemption of $ 750 for each dependent (as defined in section 152)". Section 152(a)[3] defines a dependent to include a child over half of whose support for the calendar year was received from the taxpayer. In determining whether this support test has been met, section 152(e)[4] *99 *100 provides that, in the absence of an agreement *98 to the contrary, if a child receives over half of his support during the calendar year from the child's divorced parents, the custodial parent is treated as providing over half of the child's support. However, if the noncustodial parent provides $ 1,200 or more for the support of the child (or if there is more than one child, $ 1,200 or more for all of the children) for the calendar year, then the noncustodial parent is treated as having provided over half the support for that child unless the custodial parent clearly establishes that the custodial parent provided more for the support of that child during the calendar year. It has been stipulated that Jack paid $ 2,130 for the support of the three children, which is obviously in excess of $ 1,200. Therefore, the burden shifts to respondent to "clearly establish" that Roberta provided more support for one or more of the children during 1974 than did Jack. [5] *101 In Blarek v. Commissioner,23 T.C. 1037 (1955), this Court rejected the concept that, in dependency cases, only out-of-pocket expenses are taken into account in determining the amount of support provided in the form of lodging. Instead, this Court held, the amount of the support is the fair market value of the lodging, where the lodging is owned by the person who provides the support. That continues to be the position of this Court. That position has since been embodied in section 1.152-1(a)(2)(i), Income Tax Regs. Although petitioners object to this result, they offer us no persuasive reason for this Court to reconsider Blarek or the many cases following it, or to declare invalid the cited Treasury Department regulation. When we take into account the stipulated fair market value of the lodging, it becomes apprent, as illustrated in table 2, that Roberta provided more support than Jack to each of the three children. Table 2. Rhoda
Julie
Gerald
Total
Expenses other than
lodging (see
table 1, supra)
$ 1,206.10
$ 1,140.10
$ 1,141.40
$ 3,487.60
Fair rental value
of lodging
960.00
960.00
960.00
2,880.00
Total support
provided by
Jack and Roberta
$ 2,166.10
$ 2,100.10
$ 2,101.40
$ 6,367.60
Less support
provided by Jack
710.00
710.00
710.00
2,130.00
Support provided
by Roberta
$ 1,456.10
$ 1,390.10
$ 1,391.40
$ 4,237.60
Petitioners *102 argue in the alternative that Jack's support payments should be allocated to one child thereby entitling petitioners to one dependency exemption. However, the only support provided by Jack, on the record before us, is the payments he made through the Office of the Clerk of the Circuit and County Courts for Dade County, Florida. We gather that these are the amounts required to be paid under the terms of the Property Settlement Agreement (see note 2, supra). That agreement required payments of $ 15 per week for each child. The stipulated total amount provided by Jack ($ 2,130) was less than the total required to be paid under the terms of the Property Settlement Agreement ( $ 15 times 52 times 3, or $ 2,340). We conclude that on this record, respondent has clearly established that Jack did not provide more than $ 780 for any one child. This figure is far short of the minimum amount necessary for us to hold for petitioners on this alternative argument (see table 2, supra). We hold that respondent has, on the record before us, sustained his burden of clearly establishing that Roberta provided more than Jack for the support of each of their three children in 1974. Since petitioners *103 have conceded all the other adjustments in the deficiency notice, Decision will be entered for the respondent. Footnotes
1. Unless indicated otherwise, all section references are to sections of the Internal Revenue Code of 1954 as in effect for the taxable year in issue.↩
2. Paragraphs 4 and 5 of the Property Settlement Agreement provided as follows: 4. The care, custody, control, and education of the three minor children of the parties, to-wit: RHODA FAYE FLACHNER, about 8 years of age; JULIE LEE FLACHNER, about 7 years of age; and GERALD STUART FLACHNER, about 3 years of age, shall be, and the same are hereby given to the Wife during the minority of said children, without any interference whatever on the part of the Husband. 5. The Husband hereby agrees to pay the Wife, as and for the support and maintenance of the three minor children of the parties, the sum of FIFTEEN ($ 15.00) DOLLARS per week for each child, payable on Monday of each and every week.
3. SEC. 152. DEPENDENT DEFINED. (a) General Definition.--For purposes of this subtitle, the term "dependent" means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) or (e) as received from the taxpayer): (1) A son or daughter of the taxpayer, or a descendant of either, * * * ↩
4. SEC. 152. DEPENDENT DEFINED. * * *
(e) Support Test in Case of Child of Divorced Parents, Et Cetera.-- (1) General rule.--If-- (A) a child (as defined in section 151(e)(3)) receives over half of his support during the calendar year from his parents who are divorced * * * and (B) such child is in the custody of one or both of his parents for more than one-half of the calendar year, such child shall be treated, for purposes of subsection (a), as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year unless he is treated, under the provisions of paragraph (2), as having received over half of his support for such year from the other parent (referred to in this subsection as the parent not having custody). (2) Special rule.--The child of parents described in paragraph (1) shall be treated as having received over half of his support during the calendar year from the parent not having custody if-- * * *
(B)(i) the parent not having custody provides $ 1,200 or more for the support of such child (or if there is more than one such child, $ 1,200 or more for all of such children) for the calendar year, and (ii) the parent having custody of such child does not clearly establish that he provided more for the support of such child during the calendar year than the parent not having custody. For purposes of this paragraph, amounts expended for the support of a child or children shall be treated as received from the parent not having custody to the extent that such parent provided amounts for such support. Section 152(e)(2)(B)↩ was amended by section 2139 of the Tax Reform Act of 1976, Pub. L. 94-455, 90 Stat. 1932, to provide that the noncustodial parent must contribute at least $ 1,200 for each of the children, in addition to satisfying the other requirements, in order to receive the deduction. This amendment applies only to taxable years beginning after October 4, 1976.
5. Where the parent having custody is not a party to the Tax Court proceeding, the burden falls upon respondent to overcome the presumption favoring the noncustodial parent who has furnished at least $ 1,200 of support. We have interpreted "clearly establish" as used in the statute to mean a showing by a "clear preponderance" of the evidence. Labay v. Commissioner,55 T.C. 6, 11, 13 (1970), affd. per curiam 450 F.2d 280↩ (CA5 1971).